## Blauvelt v. Delaware, Lackawanna & Western Railroad Company, Appellant.

206     141
28 SC ²395

*Negligence—Railroads—Grade crossing—" Stop, look and listen "—Evidence—Presumption.*

In an action to recover damages for the death of a man killed while riding a horse over a grade crossing on a dark night, without any witnesses of the accident, the case is for the jury where the evidence for the plaintiff, although contradicted, tends to show that the night was so dark that the engine approaching the crossing running backward could not be seen; that it gave no warning by whistle or bell of its approach; that it carried no lights, that it could not be seen by a person approaching the crossing; and that it ran so noiselessly that it could not be heard by any one on the highway as he came to the crossing.

In such a case the presumption is that the deceased did his duty as he approached the crossing by stopping, looking and listening.

*Negligence—Death—Parent and child—Adult son—Evidence.*

In an action by a mother to recover damages for the death of her adult son, where the statement of claims shows the relation between the plaintiff and the deceased, the plaintiff may show what loss pecuniarily she had sustained in the death of her son.

*Evidence—Computation—Jury.*

Where there is data in evidence from which the jury may make a computation, it is not error to refuse to permit a witness to make the computation.

*Evidence—Cross-examination—Contradiction of witness.*

Where a witness has been cross-examined on matters material to the issue to which he testified in chief, his answers on cross-examination may be contradicted by other witnesses.

Argued April 15, 1903.  Appeal, No. 297, Jan. T., 1902, by defendant, from judgment of C. P. Susquehanna Co., April T., 1900, No. 131, on verdict for plaintiff in case of Palmira Blauvelt v. Delaware, Lackawanna & Western Railroad Company. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass to recover damages for the death of the plaintiff's son.  Before SEARLE, P. J.

At the trial it appeared that the deceased was a man thirty years old, and that he lived with his mother and helped to

support her.   The statement of claim stated the relationship between the parties.   The circumstances of the accident are set forth in the opinion of the Supreme Court.

When the plaintiff was on the stand the following offer was made:

Mr. Sherwood : We offer to prove as to this branch of the case, the services which the son performed for his mother at the time he was living there with her and up to the time of his death, and the different characters of the services, for the purpose of showing the amount of damages she has sustained by his death.

Mr. Warren : We object to it as incompetent.   Objection overruled.   Defendant excepts.   Bill sealed for defendant. [19]

" A. Why, he done everything ; cutting wood and working around and helping me around the house, and everything that he could do; going after the cow and feeding hogs, and everything when he was around the house, and taking care of the girl that is sick."

A witness of the defendant was asked as follows :

" Q. If a train were going twenty miles an hour, what would be the number of seconds that it would require to pass over the space from the whistling post at the south to this crossing ? "

Objected, as a matter of mere computation.

The Court: It seems to me that is a question of mere computation.

Objection sustained.   Defendants excepts.   Bill sealed for defendant. [20]

" Q. Please tell us at what rate of speed—that is, how many feet per second—a train would go on the track at the rate of twenty miles per hour, and also at the rate of twenty-five miles per hour."

Objected to the same as before.   Objection sustained.   Defendant excepts.   Bill sealed for defendant. [21]

Orland Taylor was asked as follows:

" Q. Did you have any conversation with him (Miller, the engineer) in which he said that the chimney of this light was smoked up and that he went out and wiped it off ? "

Mr. Warren : We object that this is not a contradiction on material point nor as to the time of the accident, and that it is

incompetent and immaterial. Objection overruled. Defendant excepts. Bill sealed for defendant. [24]

Verdict and judgment for plaintiff for $1,900.

*Errors assigned* among others were (8) in refusing binding instructions for defendant; (19, 20, 21, 24) rulings on evidence, quoting the bill of exceptions.

*Everett Warren*, of *Willard, Warren & Knapp*, with him *A. H. McCollum* for appellant.—The case made by plaintiff consists of the evidence of about ten witnesses, of a negative character, and under the circumstances of little or no probative force. As compared with the whole evidence, there is at most not more than a scintilla of evidence to sustain the charge of negligence of defendant: Mellors v. Shaw, 1 Best & Smith (Q. B.,) 437 s. c. 101 E. C. L. Rep. 435 ; Ryder v. Wombwell, L. R. 4 Exchequer Cases, 32 ; Hyatt v. Johnston, 91 Pa. 196 ; Bank v. Wirebach's Exr., 106 Pa. 37.

The right of the mother to recover depended upon the family relation, and this was nothing more than filial duty and common humanity required of the son. It cost him nothing, and it cost plaintiff nothing either then or now. It is probably now done by one of the girls who can do it as readily as the son. It should have been excluded within the principles laid down : Zimmerman v. Zimmerman, 129 Pa. 229 ; Goodhart v. Penna. R. R. Co., 177 Pa. 1 ; Woeckner v. Erie Electric Motor Company, 182 Pa. 182.

*Paul J. Sherwood*, with him *Ralph B. Little*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 11, 1903 :

This case was most carefully and patiently tried by the learned judge of the court below. It was submitted to the jury in a charge, impartial, exceptionally clear and exhaustive. The negligence of the defendant company and that of the deceased were the questions presented for the consideration of the jury and were determined in favor of the plaintiff. The defendant filed twenty-nine reasons for a new trial, all of which were carefully considered and dismissed by the learned trial judge in an opinion which fully vindicates his conclusions. We now have this ap-

peal in which the learned counsel for the appellant company asks us to review practically the same questions determined against it on the motion for a new trial. Notwithstanding the twenty-nine assignments of error and the exhaustive argument in support of them, we are not convinced that the court below committed any reversible error in the trial of the cause.

The principal complaint of the defendant company is that the court erred in not affirming its first point that "upon the whole case the verdict must be for the defendant." Binding instructions in favor of the defendant would have been manifest error under the testimony in the case. John Blauvelt, the deceased, and his companion, each riding a horse, were struck and killed by a light passenger engine with tender, running backward on a descending grade, about 10:30 o'clock of a very dark night at a public crossing in the borough of La Plume, in Susquehanna county. No witness saw the men as they approached the crossing or at the time they met their death. The plaintiff contended and introduced evidence on the trial to show that the night was so dark that the engine approaching the crossing could not be seen; that it gave no warning by whistle or bell of its approach; that it carried no lights that could be seen by a person approaching the crossing; and that it ran so noiselessly that it could not be heard by any one on the highway as he came to the crossing. The defendant company claims that the evidence in support of these negligent acts was of a negative character and "of little or no probative effect" and should have been withdrawn from the jury. But this is clearly erroneous. An examination of the evidence satisfies us that it was ample, if believed, to sustain the plaintiff's contention, and, hence, it was the duty of the court below to submit it to the jury.

It is very strenuously urged by the appellant that Blauvelt's death was caused by his own negligence. It is conceded that in the absence of any evidence showing the contrary the presumption is that he did do his duty as he approached the crossing by stopping, looking and listening. But it is contended that the circumstances and facts attending the collision as disclosed by the evidence, clearly rebut the presumption that he did exercise proper care on the occasion, and that they show that by reason of intoxication or some other cause he disre-

garded or neglected the duty required of him and thereby caused the collision which resulted in his death. It is claimed by the appellant that the road which Blauvelt traveled ran parallel with and near the defendant company's railroad and that after he left it and turned to cross the tracks of the railroad, his view in the direction in which the engine was coming was unobstructed for a long distance. It is also claimed that there were several lights on the engine and tender which he could have seen and presumably did see if he looked. In addition to these alleged facts, which it is claimed were sufficient warning to Blauvelt of the approach of the engine, it is further urged that had he exercised his sense of hearing as he was required to do, he must necessarily have heard the noise of the locomotive as it neared the crossing. These matters, it is argued, conclusively rebut the presumption that Blauvelt performed his duty to stop, look and listen as he approached the crossing. The difficulty with this contention is, however, that the plaintiff denies the existence of the alleged facts set up by the defendant company in support of its position. The evidence on the part of the plaintiff tends to show that there were no gates or guards at the place of the accident, that the engine approached the crossing noiselessly and without any lights on it or the tender that could be seen a sufficient distance to warn the deceased of its approach to the crossing. If these allegations were true, and the jury must have so found, there was nothing in the case to overcome the presumption that Blauvelt was in the exercise of due care at the time he was killed. Like the defendant's negligence, this was a question for the jury under the evidence and was submitted with proper instructions by the trial judge.

It was not error to permit the plaintiff, who was the mother of the deceased, to show what loss pecuniarily she had sustained in the death of her son. This was the effect of the testimony offered for the purpose, and the court charged that that would be the measure of damages. The assignments relating to the exclusion of the testimony offered to show facts ascertainable by mere computation cannot be sustained. The data which the witness had on which the computations were based were in evidence and the jury could make the calculations as well as the witness. Miller, a witness for the defendant company,

had testified in chief to matters material to the issue, and hence, his cross-examination relative thereto was proper. It was also competent for the plaintiff to contradict his answers·

We have not deemed it necessary to consider the numerous assignments of error seriatim. We are relieved from doing so by the full discussion of the case by the trial judge in his charge and opinion refusing a new trial. As correctly stated in the printed brief of the learned counsel for appellant, " in truth there is not much dispute over legal principles." The jury was the proper tribunal to determine the facts of the case, and having done so under proper instructions and with sufficient evidence to warrant the verdict, we must sustain the judgment entered by the court below.

The judgment is affirmed.