# Hanlon *v.* Davis, Director General of Railroads, Appellant.

*Negligence—Railroads—Federal control—Suits against federal director—Suits against company—Agent—Amendment — Federal Transportation Act of Feb. 28, 1920.*

1. An action for an injury resulting from negligence in the management of a railroad, while in charge of the director general appointed by the President, could not properly be brought against the railroad but only against the director general.

2. If improperly brought against the railroad, it could, under General Order No. 50, be amended by substituting the director general as the party defendant.

3. Under the Federal Transportation Act of February 28, 1920, suits for causes of action arising during federal control, which were pending at the time the act went into effect, could be amended at any time by substituting as defendant the agent designated under authority of the act, even though the suit had been improperly brought against the railroad and plaintiff had not substituted the director general of railroads prior to the passage of the act.

*Appeals—Statement of questions involved.*

4. No question will be considered in the Supreme Court unless it is specified in or suggested by the statement of questions involved.

Argued October 13, 1922.   Appeal, No. 209, Oct. T., 1922, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1918, No. 1555, on verdict for plaintiff, in case of Michael J. Hanlon v. James C. Davis, Director General of Railroads, agent.   Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for personal injuries.   Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

Motion to allow amendment.   Amendment allowed in opinion by SHAFER, P. J.

Verdict and judgment for plaintiff for $4,250.   Defendant appealed.

*Error assigned,* inter alia, was in allowing amendment, quoting record.

*Carl E. Glock,* with him *Patterson, Crawford & Miller,* for appellant.—Plaintiff has no right, after the termination of federal control, to substitute James C. Davis, Director General of Railroads, Agent, as party defendant, in place of the Pennsylvania Railroad Co.: Missouri Pac. R. R. v. Ault, 256 U. S. 554; Pullman v. Sweeney, 269 Fed. 764; Goldstein v. Hines, 183 N. Y. Supp. 518; Bryson v. Ry., 203 Pac. 529; Tutsch v. Director Gen. of Railroads, 199 Pac. 861.

*Meredith R. Marshall* and *Rody P. Marshall,* for appellee, were not heard.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1923:

On December 26, 1917, under authority of the Act of Congress of August 29, 1916, chap. 218 (39 Stat. at L. 619, 645), the President appointed a director general

of railroads, and required him to take possession of, control and operate various railroad systems, among them being that of the Pennsylvania Railroad Company, the original defendant in this case. The proclamation further specified that "suits may be brought by and against said carriers and judgments rendered as hitherto, until and except so far as said director may by general or special orders otherwise determine."

By section 10 of the Federal Control Act of March 21, 1918, chap. 25 (40 Stat. at L. 451), it is provided: "That carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws, or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government......But no process, mesne or final, shall be levied against any property under such federal control."

Under section 12 of the same act (as pointed out in a footnote to Missouri Pacific R. R. Co. v. Ault, 256 U. S. 554, 560), "receipts from the operation of each carrier are the property of the United States and unless otherwise directed by the President are to be kept......and accounted for in the same way as before federal control ......[and] judgments for damages are chargeable to the operation of the railroad and payable out of the general receipts."

On April 18, 1918, plaintiff in this case, while a passenger, was injured in one of the railroad stations belonging to defendant, but in the possession and control of the director general of railroads; and to recover dam-

ages therefor he brought this suit against the railroad company on September 11, 1918.

Much difference of opinion existed at that time, in the various courts throughout the country, as to whether or not it was proper, under either the proclamation of December 26, 1917, or the Act of March 21, 1918, each above quoted, to bring suit against the carrier itself, for damages arising during federal control; but this matter was finally settled in Missouri Pacific R. R. Co. v. Ault, supra, where it is said: "It is urged that since section 10 [of the said act] continues the liability of 'carriers under federal control,' and permits suit against them, it should be construed as subjecting the companies to liability for acts or omissions of the Railroad Administration although they are deprived of all power over the properties and the personnel......Such a radical departure from the established concepts of legal liability at least approaches the verge of constitutional power. It should not be made in the absence of compelling language......If the cause of action arose while the government was operating the system, the carrier while under federal control was, nevertheless, to be liable and suable. This means, as a matter of law, that the government or its agency for operation could be sued, for under the existing law the legal person in control of the carrier was responsible for its acts......The title by which suit should be brought—the person who should be named as defendant—was not designated in the act. In the absence of explicit direction, it was perhaps natural that those wishing to sue the carrier should have named the company as defendant when they sought to hold the government liable...... [However] all doubt as to how suit should be brought was cleared away by general order No. 50, which required that it be against the director general by name."

It is clear, therefore, that this suit was improperly begun, and if the government had not provided a remedy for the mistake, plaintiff's claim would have been lost.

It did, however, provide a remedy. In the case last cited, the suit was, as here, first brought against the carrier alone, the director general being later joined as a defendant. It was said the verdict should have been instructed for the carrier, but the case was not decided, so far as concerned the director general, on the ground that the action had been improperly begun, but solely because the government had not, by any of its statutes, agreed to assume liability for the penalties there sought to be collected. If the mistake in bringing the suit against the carrier had been sufficient of itself to defeat the action as against the director general, it would have been unnecessary to consider at length, as was there done, the question of the latter's liability for those penalties.

Moreover, whether or not the government should refuse to be bound because the suit was not brought against its officer in the first instance, was a matter for it alone, and an entirely different status was created, when general order No. 50, referred to in the foregoing opinion, was promulgated on October 28, 1918. It provided that suits "now pending against any *carrier company* for a cause of action arising since December 31, 1917, based upon a cause of action arising from or out of the operation of any railroad or other carrier, may on application be amended by substituting the director general of railroads for the carrier company as party defendant and dismissing the company therefrom."

It will be observed that this refers to suits, like the present, where action has been brought against the "carrier company" only, and concedes the right to proceed therewith, as though originally begun against the director general, if he is substituted as defendant in place of the company. Appellant admits, and the report shows, that general order No. 50, was "interpreted and decided to be valid" in that case. Probably because the order does not require the amendment to be made at any particular time, appellant also admits that "during

federal control the director general could have been substituted as defendant in place of the railroad company," but alleges this could not properly be done after the operative date of the Transportation Act of February 28, 1920,—91. (41 Stat. at L. 456).

By that act, federal control of the railroads was directed to be terminated on March 1, 1920, a federal agent was appointed, and section 206, clause (d), provides that "Actions, suits, proceedings and reparation claims......pending at the termination of federal control shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the agent designated by the President under subdivision (a)." It will be noticed that this provision is not limited to causes wherein the director general had previously been substituted for the "carrier company," as authorized by general order No. 50, and does not prescribe a time for the substitution any more than did the order itself. In each of them the government apparently intended to preserve the rights of an injured party, who had brought suit within the statutory period. Evidently it was satisfied if at any time before trial a proper substitution was made, subject of course to the right of the agent to plead surprise and obtain a continuance, if the delay in bringing him upon the record prevented him from making proper preparation for the trial.

It was for this reason that the court below, on January 25, 1922, gave leave to plaintiff to substitute "James C. Davis, director general of railroads, agent, as defendant," he being admittedly the agent duly designated under the Transportation Act, and the action being still "pending at the termination of federal control." He alone appeals, and the statement of the question involved,—which by our rules specifies all the matters an appellant desires to have reviewed (Furman v. Broscious, 268 Pa. 119; Garvey v. Thompson, 268 Pa. 353; Sullivan v. Baltimore & Ohio R. R. Co., 272 Pa. 429),—challenges only the right of the court below to allow the

amendment. This challenge has been fully answered above. It should perhaps be added, however, in reply to the intimation that the words "director general of railroads" should not have been included in the amendment, since Mr. Davis had ceased acting in that capacity before the amendment was made, that those words may be treated as surplusage, the vital part being that as "agent" he was made the substituted defendant.

The judgment of the court below is affirmed.