# Molinaro v. Davis, Director General, etc., Appellant.

*Negligence — Contributory negligence—Railroads—Automobiles —Grade crossing—Lights—Question of fact—Question for jury.*

In an action of trespass to recover damages, alleged to have been caused by the negligent operation of a freight car over a grade crossing, at night without lights or warning, an admission of the

plaintiff that an electric lamp was suspended from a pole near by is not sufficient to establish his contributory negligence as matter of law and to justify the entry of judgment for defendant non obstante veredicto.  In the absence of an admission that the light was burning, and of any testimony as to its character or efficiency, and in view of plaintiff's testimony that he stopped, looked and listened without being able to see the approaching car the question of his contributory negligence was essentially one of fact for the jury.

*Parties — Director general of railroads—Substitution—Amendment of March 3, 1923, to the Transportation Act of 1920 (Act of Congress, February 28, 1920, 41 Stat. 461).*

Questions as to any technical disability to prosecute an action against the Director General of Railroads by reason of failure to substitute his successor within a year after the death, retirement, resignation or removal of the director who was the original defendant are rendered moot by the Act of Congress, approved March 3, 1923, amending section 206 of the Transportation Act of 1920 (Act of Congress, approved February 28, 1920, 41 Stat. 461).   The amendment allows such substitution at any time before satisfaction of final judgment, decree or award.

Argued March 7, 1923.   Appeal, No. 28, March T., 1923, by defendant, from judgment of C. P. Lackawanna County, March T., 1920, No. 299, on verdict for plaintiff in the case of Antonio Molinaro v. James C. Davis, Director General of Railroads, Agent.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover for damages to plaintiff's automobile.   Before NEWCOMB, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $472 and judgment thereon.

*Errors assigned* were the action of the court in discharging rule for judgment non obstante veredicto, refusal to strike off judgment, and the action of the court in permitting substitution of the defendant in place of his predecessor in office.

*James H. Torrey,* and with him *Edward T. Noble* and *Walter G. Noyes,* for appellant.—It is an absurdity of the most pronounced type for a witness to testify that he was proceeding across a crossing at 6 or 7 miles an hour, with headlights lighted, and was unable to see a freight car which was being backed at not to exceed three miles an hour, if he had looked or taken the precaution which the law says he must take: Smith, Admrx., v. McAdoo, 266 Pa. 329; Flick v. N. & B. R. R. Co., 274 Pa. 347.

The defendant against whom the action was brought having resigned and no substitution having been made within 12 months as required by law the court was without jurisdiction and the judgment void: Murphy v. Utter, 186 U. S. 97; LeCrone v. McAdoo, 253 U. S. 217.

The power of amendment cannot be employed to bring within a judgment new parties not previously before the court, or by changing the parties to change the substance and effect of the judgment: Young v. Young, 88 Pa. 422; Carskadden v. McGhee, 7 W. & S. 140; Doerr v. Graybill, 24 Pa. Superior Ct. 321.

*Wallace G. Moser,* for appellee.—If it appear that there is a conflict of evidence on any material fact, or any reason why there could not have been a binding direction, the court cannot enter a judgment against the verdict: Carrow v. Mass. Bond & Ins. Co., 72 Pa. Superior Ct. 501; Dalmas v. Kemble, 215 Pa. 410; Smith v. Standard Steel Car Co., 262 Pa. 550.

This action is in substance and fact against the United States and does not abate upon a change in the identity of the Director General of Railroads: Bailey v. Hines, 109 S. E. 470.

An objection to the jurisdiction which goes not to the judicial power of the court, but to the mode in which the case is brought before it, will not avail after a general appearance and plea in bar: Schenley v. Com., 36 Pa. 29; Smith v. Insurance Co., 173 Pa. 15.

OPINION BY KELLER, J., April 16, 1923:

The appellant files three assignments of error. The first is to the discharge of the rule for judgment non obstante veredicto; the second, to the refusal of the court below to strike off the judgment entered in the action; and the third, to the court's action in making absolute the rule to substitute James C. Davis, Director General of Railroads, Agent, as defendant in the judgment. All three must be overruled.

(1) The issue tried raised the question of defendant's negligence and of plaintiff's contributory negligence, and was resolved by the jury in favor of the plaintiff on both points. Appellant concedes that the verdict is conclusive with respect to the defendant's negligence; but contends that the testimony established the plaintiff's contributory negligence as matter of law. We cannot agree to this. It is true the plaintiff admitted that an electric lamp was suspended from a pole at the north side of the street where it crossed the four tracks of the railroad company, but there was no admission that it was burning that night, no testimony on his part as to its character,—whether arc or incandescent,—its strength or candle power, or how far its rays would carry, or that it would enable a traveler on a dark night who stopped, looked and listened just before entering upon the first track, which was nearest the light, to see an uncoupled freight car slowly drifting without light or warning down the farthest track; and the driver testified that he could not see it. The case was widely different in this respect from Smith v. McAdoo, Director General, 266 Pa. 329, as, there, the plaintiff's testimony, on which the decision was based (p. 331), established that the electric light shed its rays so that a view could be had for 150 feet to the west, whence the train was approaching at a rate of three miles per hour. See, also, Blauvelt v. D., L. & W. R. R. Co., 206 Pa. 141. The question was essentially one of fact for the jury and the

court could not enter judgment for the defendant non obstante veredicto: Dalmas v. Kemble, 215 Pa. 410.

The second and third assignments are based on the Act of Congress of February 8, 1899, 30 Stat. 822, U. S. Compiled Statutes, section 1594, Barnes Fed. Code, section 1338, which provides: "No suit, action, or other proceeding lawfully commenced by or against the head of any department or bureau or other officer of the United States in his official capacity, or in relation to the discharge of his official duties, shall abate by reason of his death, or the expiration of his term of office, or his retirement, or resignation, or removal from office, but, in such event, the court, on motion or supplemental petition filed, at any time within twelve months thereafter, showing a necessity for the survival thereof to obtain a settlement of the questions involved, may allow the same to be maintained by or against his successor in office, and the court may make such order as shall be equitable for the payment of costs." Appellant contends · that under its provisions the action must fall because James C. Davis, agent, was not substituted as defendant within twelve months after the retirement of Walker D. Hines as director general of railroads. We have some doubt as to whether the Act of 1899, supra, is applicable to actions of trespass against the United States Railroad Administration growing out of the negligent operation of the railroads under its control and operation. See Mo. Pac. R. R. v. Ault, 256 U. S. 554; Bailey v. Hines, 109 S. E. 470 (Va.); and this doubt was apparently shared by the defendant, for the United States, the actual defendant, (Westbrook v. Director General, 263 Fed. 211, 215) was represented in the action through its railroad administration, took part in the trial which occurred over twelve months after Walker D. Hines had resigned as director general of railroads (May 18, 1920), although the proper substitutions had not been made of the succeeding directors general; and had a full hearing upon the merits before invoking the Act of 1899, supra.

But whether applicable or not, any technical disability to prosecute the action has been cured by the Act of Congress approved March 3, 1923 (Public Law No. 494—67th Congress) which amends section 206 of the Transportation Act of 1920 (Act of February 28, 1920, 41 Stat. 461, Barnes Fed. Code Supp. 10169-g) by providing that such actions shall not abate by reason of the death, expiration of term of office, retirement, resignation or removal from office of the director general of railroads or agent designated under subdivision (a) thereof, but may (despite the provisions of the Act of February 8, 1899, supra) be prosecuted to final judgment, decree or award, "substituting at any time before satisfaction of such final judgment, decree or award the agent designated by the President then in office." The questions raised by these assignments, therefore, have become moot. If it be objected that the words "Director General of Railroads" should not have been included in the title of the substituted defendant since Mr. Davis had ceased acting in that capacity before the amendment was made, those words may be treated as surplusage, the vital part being that as "agent" he was made the substituted defendant: Hanlon v. Davis, Director General of Railroads, Agent, 276 Pa. 113.

The judgment is affirmed.