## HILL v. DAVIS, Agent. (No. 22.)

(Court of Civil Appeals of Texas. Waco. Nov. 29, 1923.)

Constitutional law ⬅️309(1)—Railroads ⬅️ 5½, New, vol. 6A Key-No. Series—Substitution of federal Agent held proper; application of federal statute as to abatement of suit in state court held to involve denial of due process.

U. S. Comp. St. § 1594, providing that the successor of an official of the United States government must be made a party to the suit within 12 months or it will be dismissed, has no application to a suit in a state court of Texas against the Director General of Railroads, on a cause of action arising out of federal control, in view of Federal Control Act, § 10 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j), Act Terminating Federal Control, § 206, subds. a and d (U. S. Comp. St. Ann. Supp. 1923, § 10071¼cc), amendment to the Transportation Act, § 206, of March 3, 1923 (42 Stat. 1443), providing for suits against the Director General, arising out of federal control, none of which fix a time when the new Agent must be substituted, and there being no provision in the laws of Texas whereby new parties can be substituted while a cause is pending in either the Court of Appeals or the Supreme Court, and hence substitution should be permitted at any time before trial in view of Rev. St. arts. 1549, 1618, 1848, since any other construction would permit the railroad company to avoid a judgment by merely taking an appeal, thus denying plaintiff due process of law.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Action by Mrs. Alda Hill against James C. Davis, Agent. Judgment for plaintiff, and defendant appeals. From an order granting a plea in abatement and dismissing the cause, plaintiff appeals. Reversed and remanded.

Tom Hamilton and J. A. Kibler, both of Waco, for appellant.

Sanford & Harris, of Waco, for appellee.

BARCUS, J. This cause is presented as an agreed case under article 2112 of the Revised Statutes. In August, 1919, appellant filed suit against Mr. Hines, Director General of Railroads, for $40,000 damages. Mr. Payne was later substituted as Agent, and on November 18, 1920, the cause was tried in the district court, resulting in a judgment in favor of appellant for $12,500, which was appealed, and which was on June 7, 1922, reversed and remanded.

On March 28, 1921, while the cause was pending in the Court of Civil Appeals, Mr. Payne resigned, and James C. Davis was appointed Agent for the United States government. The cause remained in the appellate court for more than a year after Mr. Davis was appointed. On November 7, 1922, in the district court of McLennan county, on motion of appellant before the case was called for trial, Mr. Davis as Agent was substituted as defendant in place of Mr. Payne.

Mr. Davis as Agent filed a plea in abatement to the effect that he had been appointed agent on March 28, 1921, and had not been substituted as a defendant in this cause within one year from that time, and that by reason thereof the cause should be abated and dismissed. The court granted the plea in abatement and dismissed the cause, and the question for review is: Did the court commit error in dismissing the cause?

Appellee's contention is that by reason of the act of Congress of February 8, 1899, being section 1594, U. S. Comp. St. Ann., this suit being against an officer of the United States government, it was necessary for Mr. Davis as Agent to have been made the party defendant within one year after his appointment as such. Said act of Congress is as follows:

"No suit, action, or other proceeding lawfully commenced by or against the head of any department or bureau or other officer of the United States in his official capacity, or in relation to the discharge of his official duties, shall abate by reason of his death, or the expiration of his term of office, or his retirement, or resignation, or removal from office, but, in such event, the court, on motion or supplemental petition filed, at any time within twelve months thereafter, showing a necessity for the survival thereof to obtain a settlement of the questions involved, may allow the same to be maintained by or against his successor in office, and the court may make such order as shall be equitable for the payment of costs."

At the time the above statute was passed by Congress, all suits against federal officers had to be brought in the federal court, and under the rules of the federal courts new parties can be made, and are required to be made, where either party plaintiff or defendant dies, or has been succeeded in his official capacity, while the cause is pending on appeal in either the Circuit or Supreme Court of the United States, by giving the

notices and complying with the requirements of the federal statutes and rules.

The above act of Congress was passed at the suggestion of the United States Supreme Court in 1899, in order to prevent suits from abating because there was no provision made prior to said time for the substitution of officers of the United States government in their official capacity in suits that were pending at the time a change was made in said official positions. The Supreme Court of the United States, since said act was passed, has uniformly held that where the official has been changed that the new official must be made a party to the suit or it will abate and be dismissed. LeCrone v. McAdoo, 253 U. S. 217, 40 Sup. Ct. 510, 64 L. Ed. 869; Industrial Accident Commission of the State of Cal. v. Payne, 42 Sup. Ct. 269, and 271; Dahn v. Davis, 258 U. S. 421, 42 Sup. Ct. 320, 66 L. Ed. 696; Payne v. Stevens, 43 Sup. Ct. 165, 67 L. Ed. ——; Payne v. Industrial Board of Illinois, 258 U. S. 613, 42 Sup. Ct. 462, 66 L. Ed. 790; U. S. Ry. Administration v. Slatinka, 43 Sup. Ct. 247, 67 L. Ed. ——.

In all of the above cases, however, except that of LeCrone v. McAdoo, the federal Agent was attempting to appeal from adverse judgments of the state courts to the Supreme Court of the United States, and unless the new Agent made himself a party, the Supreme Court dismissed the appeals for said reason, without writing any opinions. The LeCrone v. McAdoo Case was brought against Mr. McAdoo as Secretary of the Treasury, and the Federal Control Act of Railroads was not in any way involved, and the writ of error was dismissed because the new Secretary of the Treasury had not been made a party.

On December 26, 1917 (U. S. Comp. St. § 1974A) the President took control of all the railroad systems under the act of Congress, and appointed Mr. McAdoo Director General of Railroads. The President's proclamation provides:

."Until and except so far as said Director shall from time to time otherwise by general or special orders determine, such systems of transportation shall remain subject to all existing statutes and orders of the Interstate Commerce Commission, and to all statutes and orders of regulating commissions of the various states in which said systems or any part thereof may be situated. But any orders, general or special, hereafter made by said Director, shall have paramount authority and be obeyed as such."

By general order issued by the Director General it was provided that all suits for claims originating during federal control should be brought against the Director General of Railroads appointed by the President. On March 21, 1918, Congress passed the Federal Control Act, and section 10 thereof provides:

"Carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government." U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j.

On February 28, 1920, the federal control of railroads terminated by an act of Congress, and it was provided in said act by section 206 (a) that the President shall appoint an agent against whom suits may be brought for claims growing out of federal control. Subdivision (d) provides:

"Actions, suits, proceedings, and reparation claims, of the character above described pending at the termination of the federal control shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the Agent designated by the President under subdivision (a)." U. S. Comp. St. Ann. Supp. 1923, § 10071¼cc.

There is no provision in said act terminating the federal control which limits the time within which the Agent of the government must be substituted in suits that were pending at the time the federal control ceased.

Under the laws of the state of Texas, there is no provision whereby new parties can be substituted while a cause is pending in either the Court of Civil Appeals or the Supreme Court. Articles 1549 and 1618 of the Revised Statutes provide that if one of the parties dies while the cause is pending in the appellate court, the cause shall not abate, but that the appellate court shall proceed to adjudicate the same as though all parties were living. The only method contained in the Texas statutes for making new parties is article 1848, which provides that before a case is called for trial in the district court additional parties may, when they are necessary, be made, either plaintiff or defendant.

In the case of Conn v. Hagan, 93 Tex. 334, 55 S. W. 323, the Supreme Court of Texas, speaking through Judge Brown, held that the death of one of the parties while the cause was pending in the Supreme Court would not abate the suit, but that same would be considered as though all parties were still living.

The Supreme Court of the United States, in Missouri, Pacific Ry. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087, in discussing the effect and purposes of the Federal Control Act, and in the construc-

tion thereof, held that the courts in the respective states should continue to hear causes and adjudicate rights and enter judgments as they had been, so long as it did not interfere with the government in the control and operation of the railroads for war purposes, and used this language:

"The contention that the Director General, being the carrier, is liable * * * is rested specifically upon the clause in section 10 to the effect that the carriers 'shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws or at common law,' and the provision in section 15 (section 3115¾o) that the 'lawful police regulations of the several states' shall continue unimpaired. By these provisions the United States submitted itself to the various laws, state and federal, which prescribed how the duty of a common carrier by railroad should be performed and what should be the remedy for failure to perform. By these laws the validity and extent of claims against the United States arising out of the operation of the railroad were to be determined."

We are of the opinion that the question of substitution of parties under the Federal Control Act should be and is regulated by the statutory laws of the respective states. Congress did not fix any limit as to the time when substitution should be made. Any other construction would enable the railroads in Texas to defeat liability by simply appealing the cause and keeping same in the appellate court for more than a year after the appointment of a new federal Agent, and thereby defeat plaintiff's cause of action; and said construction would be violative of both the state and federal Constitution in depriving persons of their property without due process of law.

In Hanlon v. Davis, 276 Pa. 113, 119 Atl. 822, the Supreme Court of Pennsylvania had this direct question before it and rendered its opinion on January 3, 1923; and on April 16, 1923, the Supreme Court of the United States (Davis v. Hanlon, 43 Sup. Ct. 520, 67 L. Ed. ——) denied a writ of certiorari in the cause and thereby approved the holding of the Supreme Court of Pennsylvania. In said case the trial court permitted the plaintiff to substitute James C. Davis, Agent, as defendant in the cause nearly two years after he had been appointed Agent; and after

quoting said subdivision (d) of the act of February 28, 1920, terminating federal control, said:

"It will be noticed that this provision is not limited to causes wherein the Director General had previously been substituted for the 'carrier company,' as authorized by general order No. 50, and does not prescribe a time for the substitution any more than did the order itself. In each of them the government apparently intended to preserve the rights of an injured party, who had brought suit within the statutory period. Evidently it was satisfied if at any time before trial a proper substitution was made."

Since this cause was dismissed on November 8, 1922, the United States Congress did on March 3, 1923 (42 Stat. 1443), pass an amendment to section 206 of the Transportation Act, which places the same construction on the statute as was placed by the Supreme Court of Pennsylvania in the Hanlon v. Davis suit. Said act of Congress provides that the Agent may be substituted in all pending cases at any time before the case is finally tried, and provides further that if any case has been dismissed for failure to substitute the Agent, that said causes shall be reinstated upon reasonable notice to the adverse party and upon proper motion therefor filed within one year after the act of March 3, 1923, takes effect.

In the case of Davis v. Hagan, 255 S. W. 484, decided by this court on October 25th, not yet officially reported, we held that the substitution of the federal Agent in the trial court could be made at any time before the trial of the case in the trial court. Any other construction of the statutes regulating federal control of railroads would be reading into said statute a provision contained in acts of Congress passed in 1899 which is not embodied in any of the federal control acts, and would thereby deprive citizens of their rights without due process of law. Since none of said federal control statutes fix a time when the new Agent must be substituted, we believe a substitution should be permitted any time before trial. The trial court was in error in sustaining appellee's plea in abatement and dismissing this suit after the appellant had substituted James C. Davis, Agent, as defendant.

The cause is reversed and remanded.