## Lehigh Valley Cold Storage Co. v. P. & R. Ry. Co.   No. 1.

*Federal control of railroads—Actions—Proper party defendant—Amendment.*

Where the cause of action accrued while a railway was being operated by the Director General of Railroads, but no suit was brought until after Federal control had terminated, and then against the railway company alone, and at a time when a Federal agent had been appointed upon whom process was to be served, but no process was in fact served on the Federal agent, and the case was tried as against the defendant railway, after verdict and before judgment entered, the plaintiff was granted a rule to show cause why an amendment should not be allowed substituting the Federal agent as defendant.

*Assumpsit* to recover damages for failure to deliver goods. Motion by defendant for judgment *n. o. v.* Application of the plaintiff to amend. C. P. Northampton Co., Feb. T., 1922, No. 80.

*John D. Hoffman,* for plaintiff.

*E. J. & J. W. Fox* and *E. J. Fox, Jr.,* for defendant.

STEWART, P. J., Dec. 8, 1924.—This is a motion for judgment *non obstante veredicto.* Upon the argument of this motion, plaintiff presented a petition to amend by substituting James C. Davis, Agent, as defendant, in the place and stead of the Philadelphia & Reading Railway Company. Both matters

were argued together, and in the brief filed it is earnestly contended by the defendant that the motion for judgment *non obstante veredicto* should prevail and that no amendment should be permitted. The record shows that summons issued on Jan. 17, 1922. The statement shows that the cause of action accrued on Jan. 27, 1920. The subject-matter of the suit was failure to deliver certain quantities of eggs and injury to the same by delay. The defendant came into court and on March 13, 1922, filed an affidavit of defence, in which it distinctly alleged that on Jan. 17, 1920, "it did no business whatever. This railroad being at that time operated by the Director General under the Federal Administration." That averment was correct, and it is also true that Federal control of the defendant railroad was terminated on Feb. 28, 1920, and James C. Davis was appointed Federal agent upon whom process was to be served. Although the matter involved in the present argument was thus early brought to plaintiff's attention, no amendment of the record was ever asked for and the case was called for trial. The defendant admitted the correctness of plaintiff's claim of $1042.80. On the trial, some objection was made with reference to the receipted freight bill of the Central Railroad Company of New Jersey. That matter, however, is immaterial. This suit should have been brought against the Federal administration, and, in this connection, we refer to what was said by Judge Drew in Florida East Coast Growers' Ass'n, Inc., *v.* Davis, 71 Pitts. L. J. 577, as follows: "It is clear that complete possession and control was given to the United States for all purposes as to the railroads of the country. 'There was one control, one administration, one power for the accomplishment of the one purpose—the complete possession by governmental authority to replace for the period provided the private ownership theretofore existing:' Northern Pacific Ry. Co. *v.* North Dakota, 250 U. S. 135. There can be no doubt that the Director General received this shipment at the point of origin. Therefore, since all the railroads of the country were in a unified system and the Director General 'one corporate entity,' he is properly liable for any damage done the shipment at any time before delivery, even if Federal control ceased while the goods were in transit. This, for the reason that his liability attached at the time of the making of the contract of shipment." In the same volume, on page 608, is the case of Corcoran *v.* Davis, etc., which follows the above case. An examination of Northern Pacific Ry. Co. *v.* North Dakota, 250 U. S. 135; Globe & Ruthers Fire Ins. Co. *v.* Hines, Agent, 273 Fed. Repr. 774; Rutherford *v.* Union Pacific R. R. Co., 254 Fed. Repr. 880, therein referred to, shows that the principle stated is correct. The cause of action being a good one against the Federal administration, and suit having been commenced against the wrong party within the statutory period, can the mistake be remedied now after trial, but before judgment has been entered? The Act of Feb. 28, 1920, amended by the Act of June 5, 1920 (see Federal Statutes Annotated, 1920, page 65), section 206, provides: "Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act or of the Act of Aug. 29, 1916) of such character as, prior to Federal control, could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits or proceedings may, within the periods of limitation now prescribed by state or Federal statutes, but not later than two years from the date of the passage of this act, be brought in any court which, but for Federal

control, would have had jurisdiction of the cause of action had it arisen against such carrier:" Federal Statutes Annotated (2nd ed.), Supplement, 1920, page 77. That section 206 of the Transportation Act, 1920, is amended by the Act of March 3, 1923, ch. 233, 42 Stat. 1443, by adding at the end thereof two new sub-divisions to read as follows: "*(h)* Actions, suits, proceedings and reparation claims of the character described in sub-divisions *(a)*, *(c)* or *(d)*, properly commenced within the period of limitation prescribed, and pending at the time this sub-division takes effect, shall not abate by reason of the death, expiration of term of office, retirement, resignation or removal from office of the Director General of Railroads or the agent designated under sub-division *(a)*, but may (despite the abatement of the act entitled 'An act to prevent the abatement of certain actions,' approved Feb. 8, 1899) be prosecuted to final judgment, decree or award, substituting at any time before satisfaction of such final judgment, decree or award the agent designated by the President then in office," etc.: Federal Statutes Annotated (2nd ed.), Supplement, 1923, page 62. Two cases in Pennsylvania have passed upon some phases of the question involved in the present case. In Hanlon *v.* Davis, Director General of Railroads, 276 Pa. 113, the cause of action accrued April 18, 1918. Suit was brought Sept. 11, 1918, against the Pennsylvania Railroad Company. On Jan. 25, 1922, James C. Davis was substituted as defendant. It will be seen that the substitution in that case was not made until three years and four months after the suit was brought. It was, however, made before trial. Mr. Justice Simpson, in speaking of section 206 of the Act of Feb. 28, 1920, said: "It will be noticed that this provision is not limited to causes wherein the Director General had previously been substituted for the 'carrier company,' as authorized by general order No. 50, and does not prescribe a time for the substitution, any more than did the order itself. In each of them the Government apparently intended to preserve the rights of an injured party who had brought suit within the statutory period. Evidently, it was satisfied if, at any time before trial, a proper substitution was made, subject, of course, to the right of the agent to plead surprise and obtain a continuance if the delay in bringing him upon the record prevented him from making proper preparation for the trial." The third syllabus of that case is as follows: "Under the Federal Transportation Act of Feb. 28, 1920, suits for causes of action arising during Federal control, which were pending at the time the act went into effect, could be amended at any time by substituting as defendant the agent designated under authority of the act, even though the suit had been improperly brought against the railroad and plaintiff had not substituted the Director General of Railroads prior to the passage of the act." In Molinaro *v.* Davis, Director General, 80 Pa. Superior Ct. 597, the facts are not very fully given, but it appears, on page 601, that the substitution was made more than twelve months after the retirement of Walker D. Hines as Director General of Railroads. It was contended that under the provisions of the Federal Act of Feb. 8, 1899, no substitution could be made after twelve months. The Superior Court held that under the amendment of March 3, 1923, above substitution might be made at any time before the satisfaction of such final judgment, decree or award. Those two cases show conclusively that, although this suit was brought against the railway company only, that although it was brought after the time for Federal control had expired, yet, nevertheless, as suit had been started for a cause of action which arose during Federal control up until final judgment, a proper substitution may be made. An examination of the authorities bearing on the question of Federal control shows that the policy of the Government seems to

have been very liberal. Every order which was made by the Director Generals and every Federal statute seem to have been liberally construed in favor of a party who has a real cause of action against the Government. The decisionss, however, are not all uniform upon this subject. Many well considered cases reach different conclusions. They are referred to in American Digest, vol. 19 A, Key-Number Series, 1923-1924, but we believe that the above decisions of our Supreme and Superior Courts are controlling as to the proper disposition of this case, although perhaps some of the "confusion" referred to by Mr. Justice Fraser in Wilhelm v. Seaboard Air Line Co., 120 S. E. Repr. 705, still remains. In that case there was a recovery against the plaintiff. No motion was made by the railroad company to substitute the Director General. For failure to make such motion, judgment was affirmed. In addition to our cases, reference may be made to L. L. Cohen & Co., Inc., v. Davis, Agent, 142 N. E. Repr. 75, where it was held: "An action to recover damage to goods shipped during Federal control of the railroads should have been brought against the Government and not against the railroad company. Where one wrongly brought action against railroad instead of Government in control thereof, the representative of the Government could be made a party by substitution, and this substitution could take place more than two years after the end of Government control, where the action was commenced before the expiration of Federal control under Transportation Act, 1920, section 206, sub-divisions (a) and (d), being U. S. Comp. Stat. Ann., Supp. 1923, section 10071¼ cc." That case but follows Sack v. Davis, 139 N. E. Repr. 819, which contains a full discussion of the subject, including the Amendment of 1923. In Davis, Agent, v. Hagan, 255 S. W. Repr. 484, it was held: "Substitution of agent designated by President under Federal Transportation Act, section 206 (a), for the Director General of Railroads as defendant did not constitute commencement of a new cause of action so as to be barred by failure to bring the action within two years after determination of Government control under such statute, in view of sub-division (d), providing that suits previously filed should not abate by reason of Federal control, but could be prosecuted by substituting the agent as the defendant." While we feel that the record should be amended, yet, in the absence of an appearance in the case, so far, for James C. Davis, Agent, we cannot allow it without a rule to show cause. See authorities collected in Viglione v. D., L. & W. R. R. Co., 18 Northamp. Co. Repr. 212. In that case the above Pennsylvania authorities had not been decided, nor had our attention been called to the principle referred to in Hogarty v. Phila. & Reading Ry. Co., 245 Pa. 443, to the effect that where Federal legislation is enacted fully covering a subject-matter, such as the substitution of parties to a suit, State authorities are not binding. See, also, Mumma v. Phila. & Reading Ry. Co., 275 Pa. 277, where it was held: "Ordinarily, under the Pennsylvania cases, a change in the party plaintiff from an individual to a representative capacity is a change in the cause of action and will not be allowed after the statute of limitations has become a bar; but this is not the law in the Federal courts." No doubt the learned counsel for the defendant have authority to represent him, and, if so, the rule to amend may be made absolute at once. If not, in the original Act of 1920, provision is made as to service upon the agent of the President by designating a list of the agents of the carriers who may be served, which is to be filed in the office of the Clerk of the District Court of the United States. (The rights of the defendant should be preserved by an exception to the order permitting the amendment. See Mumma v. Phila. & Reading Ry. Co., 275 Pa. 277.) The motion for judgment non obstante veredicto will be held until the amendment

matter is disposed of, when, unless further cause is shown by James C. Davis, Agent, it will be denied.

And now, Dec. 8, 1924, rule to show cause why plaintiff may not be permitted to amend by substituting James C. Davis, Agent, in the place and stead of Philadelphia & Reading Railway Company, is allowed, returnable sec. leg.

From Henry D. Maxwell, Easton, Pa.