## Lehigh Valley Cold Storage Co. v. P. & R. Ry. Co.  No. 2.

*Federal control of railroads—Actions—Proper party defendant—Amendment—Motion for judgment n. o. v.*

Where the cause of action accrued while a railway was being operated by the Director General of Railroads, but no suit was brought until after Federal control had terminated, and then against the railway company alone, and at a time when a Federal agent had been appointed upon whom process was to be served, but no process had in fact been served on the Federal agent and the case was tried as against the defendant railway, after verdict and before judgment entered, the plaintiff was allowed, on rule to show cause, to amend by substituting the Federal agent as defendant.

*Assumpsit* to recover damages for failure to deliver goods. Motion by defendant for judgment *n. o. v.* Rule to show cause why an amendment should not be allowed. C. P. Northampton Co., Feb. T., 1922, No. 80.

*John D. Hoffman*, for plaintiff; *E. J. & J. W. Fox*, for defendant.

STEWART, P. J., April 13, 1925.—On Dec. 8, 1924, we filed an opinion upon a motion by the defendant for judgment *n. o. v.* and upon a petition by the plaintiff to amend the record by substituting James C. Davis, Agent, as defendant, in the place and stead of the Philadelphia & Reading Railway Company. We held the motion for judgment under advisement and granted a rule to show cause why the amendment should not be allowed. The case is reported in 19 Northamp. Co. Repr. 358; 6 D. & C. 514. James C. Davis entered an appearance by counsel and filed an answer to the rule, alleging that the substitution would be a change in the cause of action and that the application was made too late. These matters were discussed in the former opinion, and it should be considered in connection with the present opinion. The Acts of Congress and the Federal orders are referred to at length in the first opinion. It should be remembered that the cause of action accrued on Jan. 27, 1920. Summons issued Jan. 17, 1922. Federal control terminated Feb. 28, 1920. The Act of 1920 provided that suit might be brought not later than two years from the termination of Federal control. The suit itself, therefore, is not affected by any statute of limitations or any condition of the bill of lading. The learned counsel for the Federal agent, in the reargument of the matter, attempt to distinguish this case from Hanlon v. Davis, 276 Pa. 113, and Molinaro v. Davis, 80 Pa. Superior Ct. 597, and cited Davis v. Chrisp, 252 S. W. Rcpr. 606; Fischer v. Wabash Ry. Co. et al., 235 N. Y. 568, and Griffith v. Davis, 229 Pac. Repr. 499. Davis v. Chrisp seems to have been an action under the Federal Employers' Liability Act, not under the Transportation Act of Feb. 28, 1920. Fischer v. Wabash Ry. Co. et al. was decided March 20, 1923, but the Federal Act of March 3, 1923, was not referred to by the court and no opinion was filed. In Weiss v. Davis, 144 N. E. Repr. 765, Mr. Chief Justice Rugg said with reference to above cases and some others: "The case at bar does not appear to us to be governed by the denial of peti-

Lehigh Valley Cold Storage Co. v. P. & R. Ry. Co. No. 2.

tions for writs of *certiorari* in Fischer *v.* Wabash Ry. Co., 263 U. S. 706, 44 Sup. Ct. Repr. 34, 68 L. Ed. 516 (see 235 N. Y. 568, 139 N. E. Repr. 738), and in Crisp *v.* Davis, 263 U. S. 710, 44 Sup. Ct. Repr. 36, 68 L. Ed. 518 (see 159 Ark. 335, 252 S. W. Repr. 606). See, also, Fahey *v.* Davis, 224 Mich. 371, 195 N. W. Repr. 46. Those decisions all seem to be founded upon state practice more or less divergent from that of this Commonwealth." In that case the syllabus is: "Where action was brought against railroad where it should have been brought against Director General of Railroads, Director General could properly be made defendant by amendment, notwithstanding provision in contract that suits for loss or damage must be brought within two years, which time had elapsed." The learned counsel for the defendant also call attention to the fact that the bill of lading has this provision: "Suits for the recovery of claims for loss, damage or delay shall be instituted only within two years after delivery of the property, or in case of failure to make the delivery, then within two years after a reasonable time for delivery has elapsed." They contend that this of itself defeats the action. We must bear in mind, however, that the action is against the United States. That Federal control is paramount was held in Northern Pacific Ry. Co. et al. *v.* North Dakota, 250 U. S. 135. See, also, E. I. Du Pont De Nemours & Co. *v.* Davis, 264 U. S. 456. In Sack *v.* Davis, 139 N. E. Repr. 819, Mr. Chief Justice Rugg said: "During the period of Federal control of railroads, complete possession by the United States replaced private ownership, and entire responsibility for torts arising out of railroad operation rested exclusively upon the Federal Government. It is within the province of the United States, as proprietor for the time being of railroads, to establish by Congress the terms, conditions and limitations upon which actions relating to railroad management may be maintained against it and as against itself to extend, waive or modify the same. . . . The authority of the sovereign power to enact such a statute with respect to itself cannot be doubted. The legislative department of government is not forbidden to be just in some cases where it is not required by the paramount law." That was said with respect to the Act of Congress approved March 3, 1923, *supra*. Upon the subject of bill of lading, the same learned Justice said in Weiss *v.* Davis, 144 N. E. Repr. 765: "The bill of lading in the case at bar, to the ordinary business mind, would appear to be issued in the name of the railroad company, although, under the law, it was issued by the Director General of Railroads. It would be violative of an innate sense of justice to hold that, when action had been instituted seasonably against the railroad company, thus appearing on the face of the bill of lading to be liable, the Director General, actually liable on that bill of lading issued by him, could not be brought in as a party defendant by amendment and thus escape all liability. Fundamental rights of parties, or rights secured by laws of the United States, cannot be jeopardized under the guise of practice or procedure." In Genga *v.* Director General of Railroads, 243 Mass. 101, the syllabus is: "Under the Federal Control Act, 40 U. S. Stat. at L. 451, General Orders of the Director General of Railroads, Nos. 50 and 50-A, and section 206 *(a)*, *(d)* of the Transportation Act (1920), 41 U. S. Stat. at L. 456, it was proper for the Superior Court, in an action begun on July 15, 1919, against the New York, New Haven & Hartford Railroad Company for assault and battery upon and malicious prosecution of the plaintiff on Sept. 16, 1918, by employees of the defendant acting within the scope of their employment, to allow on Dec. 19, 1921, an amendment substituting as defendant 'James C. Davis, agent designated by the President under the Transportation Act of Feb. 28, 1920, for the New York, New Haven & Hartford Railroad,' although the Director

General of Railroads had not been named as an original defendant, and although, if an original action for assault and battery had been begun against such agent at the time of the allowance of the amendment, it would have been barred by G. L., ch. 260, § 4." Attention should be called to the comment by Mr. Chief Justice Rugg upon the scope of the decision in Missouri Pacific R. R. Co. v. Ault, 256 U. S. 554, on page 107, et seq. What he there said applies to the present case. While the instant case is unlike any of the cases referred to in some features, yet, having in mind the policy of the Federal Government as shown in the construction placed upon legislation by the Supreme Court of the United States, commencing with Missouri Pacific R. R. Co. v. Ault, 256 U. S. 554, and down to the last case decided by it, and Acts of Congress, particularly the last, Act of March 3, 1923, and having in mind the spirit of the two leading Pennsylvania cases, Hanlon v. Davis, 276 Pa. 113, and Molinaro v. Davis, 80 Pa. Superior Ct. 597, we feel that the Federal Government, having been in control and operation of the road, is liable for this loss.

And now, April 13, 1925, rule to show cause why plaintiff may not be permitted to amend by substituting James C. Davis, Agent, in the place and stead of the Philadelphia & Reading Railway Company, is made absolute, and substitution is directed to be made.

Motion for judgment non obstante veredicto is refused and rule discharged, and judgment is directed to be entered on the verdict in favor of the plaintiff upon payment of the jury fee, and the evidence taken upon the trial is certified and filed and made part of the record.

From Henry D. Maxwell, Easton, Pa.