## George F. Roye, Appellant, *v.* The Borough of Columbia.

*Increase of municipal indebtedness—Special election—Act of 1897—Constitutional law.*

The borough of Columbia incurred from time to time an aggregate indebtedness in excess of two per cent of the assessed taxable property, for part of which bonds had been issued and were outstanding, and a portion thereof was represented by notes issued for temporary loans. Proceedings were had to issue a new loan for the entire indebtedness at a reduced rate of interest if approved by the electors at an election duly advertised; all old bonds to be retired with the proceeds of the new loan. A taxpayer's bill was brought praying for an injunction to restrain the borough from issuing the bonds. *Held*, dismissing the bill, that under article 8 of the constitution of Pennsylvania, the increase of indebtedness in excess of the two per cent might be created and authorized by an election held under the provisions of the Act of April 13, 1897, P. L. 17.

Argued May 30, 1899. Appeal, No. 230, Jan. T., 1899, by plaintiff, from decree of C. P. Lancaster Co., Equity Docket, No. 3, page 261, dismissing injunction. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Hearing on bill and answer. Before LIVINGSTON, P. J.

It appears from the record that the borough of Columbia was incorporated under the Act of April 16, 1866, P. L. 920; that its debt, incurred in the ordinary business improvement of the city, amounted to $171,000, for which bonds of the said borough are outstanding, including notes of $12,100; that the aggregate debt of the borough exceeded two per cent of the assessed valuation for which it was proposed to issue bonds to redeem the indebtedness then outstanding, by authority of special election, upon which a proclamation in due form, reciting the purposes of said issue and election, had been made by the burgess.

Other facts sufficiently appear by the opinion of the court below, as follows:

Prior to January 1, 1874, the borough of Columbia in the county of Lancaster, in conducting its ordinary municipal operations and the building of a town hall, incurred an indebtedness of $56,500, for which said borough issued bonds and notes; the building of said town hall was approved at a public election,

by the electors of said borough, which election was authorized by an act of assembly, and conducted according to its requirements.

Said indebtedness was carried along by said borough. Some of the bonds were paid off, and some paid with new bonds of said borough. And the borough indebtedness was annually increased as debts were incurred in the ordinary municipal operations thereof, until the amount of existing indebtedness of the borough is, as appears in the bill filed, $171,000, for which bonds of said borough are outstanding, including notes of $12,100, the outstanding bonds being as follows, viz:

    $14,000 issued January 1, 1874, bearing five per cent interest, payable January 1, 1899.

    $25,000 issued April 1, 1882, bearing interest at four per cent, and payable April 1, 1902.

    $99,900 issued April 1, 1884, bearing interest at four per cent, and payable April 1, 1904, with the option to redeem the same April 1, 1899. .

    $20,000 issued April 1, 1894, bearing four per cent interest, payable April 1, 1914, and redeemable April 1, 1899; and

    $12,100 are in notes of the borough for temporary loans at bank.

The interest on said bonds has been paid by the defendant regularly as it became due.

Many of these bonds were given in lieu of maturing bonds, and all of the bonds have been recognized as the legal obligations of the said borough, and the debts for which they were given were the lawful debts of the said borough, and the money borrowed, for which said bonds were given, was applied to existing valid indebtedness of said borough, in the annual necessary expenses of the borough.

That the defendant is now able to borrow $171,000 at a less rate of interest, and for that purpose, has taken proceedings under the acts of assembly for authority to issue new bonds to the amount of $171,000 and has passed an ordinance and advertised an election to be held for the purpose of obtaining the assent of the qualified electors of the said borough to, or rejection of, the creation of the proposed debt, and the issue of the said bonds, which election is advertised by the chief burgess to

be held on Saturday, June 3, 1899, between the hours of 7 A. M. and 7 P. M.

Of this debt of $171,000 which is represented by bonds—of these, or the bonds refunded by them, there were outstanding on January 1, 1874, $98,000—leaving the net debt incurred since January 1, 1874, and included in that to be refunded, $73,000.

Under the law as stated in 109 Pa. 554, such deduction is authorized in ascertaining the debt affected by the provisions of article 8 of the constitution, and act of assembly of April 20, 1874, and supplements thereto.

The total assessed value of taxable property
of the borough of Columbia is    .    .    $3,027,225 00
Two per cent of which amounts to    .         60,544 50
Seven per cent of it is    .    .    .    .    $211,905 75

The copy of the ordinance herein spoken of will be found attached to the bill filed.

The bill filed asks for a permanent injunction.

The chief burgess and town council of the borough of Columbia, defendant in said bill in equity filed, in their answer thereto, say: The chief burgess and town council of the said borough of Columbia, defendant in said bill, believe that the statements contained in the said bill are true, and therefore submit the matters contained therein to the court, and request the court to enter a final decree dismissing said bill for want of equity, and because the said borough of Columbia is justly indebted in the said sum of $171,000,—that the debts were lawfully contracted, have been recognized as a liability by the corporate authorities of the said borough, and that the interest has been paid thereon, and that the said borough authorities desire to pay honestly all borough obligations and debts of said borough, and that the electors of said borough, at the said election provided for, will determine whether the said bonds shall be issued.

In the borough of Millerstown v. Frederick, 114 Pa. 435, it was held that the borough may, by lawfully increasing its indebtedness, apply the proceeds of any bonds issued thereby to the payment of such indebtedness, the said sum of $72,000 herein stated being in excess of two per cent of the assessed valuation. Such increase may be created and authorized only by an

election held under the provisions of the Act of April 20, 1874,
P. L. 65, and the supplement thereto of April 13, 1897, P. L. 17.

Under the facts as found, and the article and section of the
constitution and law referred to the decree of the court is that
the bill be, and the same is now dismissed by the court.

Plaintiff appealed.

*Error assigned* was in entering decree of the court, reciting
same.

*H. M. North*, for appellant.—This is a friendly proceeding for
the determination of the right of the borough of Columbia to
borrow money and issue bonds therefor to pay the existing
indebtedness of the borough. This indebtedness was incurred
in the building of a town hall, authorized by an act of assembly
and approved by the votes of the qualified electors of the bor-
ough at a public election held for that purpose. The money
was lawfully expended, but the town was growing, streets were
opened, graded and macadamized and repaired. The town was
lighted by gas and electricity, but the borough never built or
owned any lighting plant. The expenditures were for the ordi-
nary things incident to the common municipality. It was unfor-
tunate that instead of assessing and collecting sufficient taxes
to meet the current expenses, the borough resorted to the issu-
ing of bonds to meet deficiencies. When the bonds matured
they were sometimes paid in money, and sometimes new bonds
were issued. Of the bonds now outstanding it is impossible
for any one to tell which were issued beyond the two per cent
limit, and it has been held in Borough of Millerstown v. Fred-
erick, 114 Pa. 435, that " a bond issued by a municipal corpora-
tion to fund a debt incurred contrary to the provision of the
constitution is worthless, and that a bona fide holder of a nego-
tiable municipal bond issued contrary to the provisions of the
constitution and the statutes in relation to the same cannot main-
tain an action against the corporation on it, and that the issuing
of bonds by a municipal corporation to fund a debt only a por-
tion of which is beyond the constitutional limit is an entire and
indivisible transaction, and the whole issue of bonds is there-
fore invalid:" Rainsburg Borough v. Fyan, 127 Pa. 74; Wil-
liamsport v. Com., 84 Pa. 487; Wade v. Oakmont Borough,

165 Pa. 479; Davis v. Doylestown Borough, 3 Pa. C. C. R. 573 ; Com. v. Councils of Pittsburg, 41 Pa. 278; Millerstown Borough v. Frederick, 114 Pa. 435.

The borough of Columbia created debts for ordinary current expenditures and recognized them and paid the interest and is only now seeking to redeem them by issuing new ones, because of the cheapness of money. It recognizes the debts and is willing to pay them and is now proceeding by election to procure popular approval, and no question is raised as to the propriety of the proceeding under the act of assembly. It did not before ask for popular approval as it should have done, but it is asking for it now. The liability of the borough for the debts is admitted in the answer and a popular election may now be had to authorize and approve the issuing of bonds, and this could be done if none had been issued, and their issue may be authorized, approved and now ratified.

No appearance or paper-book for appellee.

PER CURIAM, May 31, 1899:

We find no error in the decree from which this appeal was taken. The decree is affirmed on the opinion of the learned president of the court below, and appeal dismissed at appellant's costs.