## Bell v. Waynesboro Borough.

*Boroughs—Municipal indebtedness—Vote of electors—Two per cent limit —Ratification.*

The power of a borough council to create debt without a vote of the electors authorizing it, is exhausted when the aggregate indebtedness reaches the two per cent limit.

A vote of the electors of a borough authorizing the council to create an indebtedness for the express purpose of liquidating a floating debt which had been contracted in excess of the two per cent limit without a vote of the electors, is such a recognition and ratification of the debt, as makes it enforceable against the borough.

*Boroughs—Municipal indebtedness—Levying of tax—Certificate—Notice.*

A borough will not be permitted to deny its liability upon bonds on the ground that no tax had been actually levied or assessed for their payment, as required by article 9, section 10 of the constitution, where the record shows that the statement filed by the borough authorities in the office of the clerk of the quarter sessions, as required by law, in advance of the issue, declared unqualifiedly that such a tax had been levied. The holders

of the bonds are held to knowledge of what the statement contains, but beyond that they are not bound to inquire.

Argued March 6, 1900.    Appeal, No. 77, Jan. T., 1900, by plaintiff, from decree of C. P. Franklin Co., on bill in equity, in case of Bell v. Waynesboro Borough.    Before GREEN, C. J., MCCOLLUM, MITCHELL, DEAN and MESTREZAT, JJ.    Affirmed.

Bill in equity for an injunction to restrain the issue of borough bonds.

The facts appear by the opinion of JOHN STEWART, P. J., which was as follows:

This case was heard on bill and answer.    The material facts are as follows:

On November 7, 1899, the qualified electors of the borough of Waynesboro, at an election duly called and regularly held, gave their assent to a proposed increase of the borough indebtedness in the sum of $21,000, to be expended as follows:

Five thousand eight hundred dollars to be used in refunding a like amount of outstanding bonds of an earlier issue, and the balance in funding a floating indebtedness of the borough.

The following exhibit, published in advance of said election, shows the financial condition of the borough at the time:

| | | | |
|---|---|---|---|
| Amount of present bonded debt | . | . | $40,000 |
| Amount authorized but not yet issued | . | . | 6,000 |
| Amount of present floating debt | . | . | 15,200 |
| Total | . | . | $61,200 |
| Less amount in treasury | $ 150 00 | | |
| Less uncollected taxes | 2,137 00 | | |
| Less taxes applicable within one year | 4,971 00 | 7,258 | |
| | | $53,942 | |
| Amount of last assessed valuation | . | . $ 1,104,594 | |
| Amount of proposed increase of debt | . | 21,000 | |
| Percentage of increase of debt | . . . | .019 | |

The indebtedness of $15,000, indicated under the item "present floating debt," was incurred when the assessed valuation next preceding was $791,404.    It made the aggregate debt of the borough exceed, at that time, two per cent of the assessed

valuation.   Being unauthorized by the vote of the electors, it was without validity, at least to the extent of the excess.

As to the other item to which the money voted was to be applied, the $5,800 of outstanding bonds, these were some unpaid bonds that had been issued in 1889 by the authorities.   No vote upon this issue was required, for the limit was not then reached; but the validity of these bonds is now challenged, on the ground that, when said bonds were originally issued or authorized, no tax had been actually levied or assessed for their payment, as required by article 9, section 10 of the constitution.   It is admitted, however, that the statement filed by the borough authorities in the office of the clerk of the quarter sessions court, as required by law, in advance of the issue, declares unqualifiedly that "the amount of tax levied for the payment of said indebtedness is $1,200," and we have the further fact that, beginning with the spring of 1890, a tax each year equal to eight per cent of the principal on entire issue of said bonds, has been assessed and levied for the purpose of liquidating the principal and interest thereof, as required by the constitution.

Because of the unauthorized increase of the floating debt of $15,000, and the admitted failure of the authorities before issuing the bonds, of which $5,800 is unpaid remainder, to assess and levy a tax for their redemption, the bill asks that the burgess and town council be enjoined from issuing bonds of the borough in the sum of $21,000, or in any sum whatever, pursuant to the supposed authority granted by the vote of the electors on November 7, 1899.   The position taken by the complainant is, that both the floating debt, which it is proposed to fund, and the bonds, which it is proposed to refund, are invalid and not enforceable against the borough, for the reasons above stated.

First, with respect to the floating debt.   We entertain no doubt whatever that the power of council to create debt, without a vote of the electors authorizing it, was exhausted when the aggregate indebtedness reached the two per cent limit.   So long as the appeal of the City of Wilkes-Barre, 109 Pa. 559, remains as an authority, this construction of the constitutional provision must prevail.   That case is followed by the recent one of Pepper v. City of Philadelphia, 181 Pa. 566, to the same effect.

It follows that this floating debt, which then existed, being

in excess of the two per cent limit, was illegally created and, therefore, invalid. But it was not irremediably so. It was invalid only because it lacked the assent of the electors of the borough. It is not a case of total want of power. To the borough authorities is committed both the right and power to contract indebtedness in amount not exceeding seven per cent of the total assessed valuation of the taxable property therein, the power, however, to be exercised with respect to any excess over the two per cent limit only with the express consent of the electors. This latter provision is intended to regulate the exercise of the power. It is not the consent of the electors that creates the debt. It is the act of the borough authorities, and after consent given, it still rests with them to say whether it shall be contracted. And it is not a regulation that calls for any compliance on the part of the electors. It is not imposed on them, but for their protection it is imposed on their agents. The invalidity of any action taken in disregard of such regulation, is full protection to the electors; but it is a protection that they need not avail themselves of unless they are so minded. As they could have authorized the debt in the first instance by giving their agents power to contract it, they unquestionably have the right to affirm and ratify it when contracted without their previous assent, by like action on their part as was required to give the power originally. This doctrine is fully recognized by Dillon in his work on Municipal Corporations, vol. 1, page 640, and that too in connection with this very matter of municipal indebtedness. It results from the elementary rule that, a ratification of a prior act or contract, may be made by any one in whose behalf the act or contract has been made, provided such person is capable himself of doing the act or entering into the contract. All that was done in this case was clearly within the scope of corporate authority. In the case of Marsh v. Fulton County, 10 Wall. (U. S.) 676, we have an equally clear recognition of the rule, as will appear from the following extract from the opinion of FIELD, J.: " A ratification is, in its effect upon the act of an agent, equivalent to the possession by him of a previous authority. It bears upon the act ratified in the same manner as though the authority of the agent to do the act existed originally. It follows that the ratification can only be made when

the party ratifying possesses power to perform the act ratified. The supervisors possessed no authority to make the subscription, or issue bonds, in the first instance without the previous sanction of the qualified voters of the county. They could not, therefore, ratify a subscription without the vote of the county, because they could not make a subscription in the first instance without such authorization." The plain inference from this case is, that the voters of the county could ratify, inasmuch as they alone could have originally authorized the act. To the same effect is Campbell v. City of Kenosha, 5 Wall. (U. S.) 198. If we understand the case of Roye v. Columbia Borough, 192 Pa. 148, the decision there rested upon the same considerations, and we take it to be, in effect, a recognition of the principle here asserted.

In the present case we hold that the vote of November 7, 1899, authorizing the town council to create the indebtedness for the express purpose of liquidating this floating debt, which had been irregularly contracted, was such a recognition and ratification of the debt as made it enforceable against the borough. It made valid that which was before illegal.

The objection to the legality of the $5,800 of bonds is equally without merit. The certificate filed by the clerk in the office of the court of quarter sessions was notice to the world that a tax had been assessed and levied for the redemption of these bonds. The only purpose in requiring a certificate to be filed, is that parties before contracting for such indebtedness may inform themselves as to its regularity. To require them to consult such a notice, invite them to act upon it, and then deny them its protection, by allowing the municipality to assert that the notice was not true in point of fact, would be dishonesty of the rankest kind. The law sets no such traps. The holders of these bonds were held to knowledge of what the statement contained, but beyond that they were not bound to inquire. That this was the measure of their duty, and that it is likewise their protection, we think clearly appears in Millerstown v. Frederick, 114 Pa. 435.

Under the admitted facts of this case, as we have found them, we must for the reasons above stated refuse this application.

And now, February 3, 1900, it is ordered that the bill in this case be dismissed.

*Error assigned* was the decree of the court.

*O. C. Bowers*, for appellant.—The issuing of bonds by a municipal corporation to fund a debt, only a portion of which is beyond the constitutional limit, is an entire and indivisible transaction, and the whole issue of bonds is therefore invalid : Borough of Millerstown v. Frederick, 114 Pa. 435 ; Rainsburg Boro. v. Fyan, 127 Pa. 74; Williamsport v. Com., 84 Pa. 487 ; Wade v. Oakmont Boro., 165 Pa. 479.

*J. R. Ruthrauff*, for appellees, cited Millerstown Boro. v. Frederick, 114 Pa. 442, Appeal of City of Wilkes-Barre, 109 Pa. 559, Brooke v. Philadelphia, 162 Pa. 127, and Roye v. Columbia Boro., 192 Pa. 148.

PER CURIAM, March 26, 1900 :

The reasoning which justifies the decree of the court below in this case has been expressed with so much force and clearness in the opinion filed, that nothing need be added thereto except the statement that since then, in the case of Roye v. Columbia Borough, 192 Pa. 146, this court has decided the same question in the same way.

Decree affirmed.