# Furman *v.* Broscious, Appellant.

*Negligence—Master and servant—Safe appliances—Assumption of risk—Safe place to work—Nondelegable duties—Negligence of foreman.*

1. An employee is not equally bound with his employer to know whether or not appliances are reasonably safe and in ordinary use.

2. It is only when an employee does or should know whether or not appliances furnished to him are reasonably safe and in ordi-

nary use, that he assumes the risk growing out of their use by him.

3. The duties to furnish a reasonably safe place to work, and reasonably safe tools, machinery and appliances, are nondelegable duties of the employer; and he is liable for a failure of his foreman in these respects.

*Appeals—Statement of questions involved—Practice, Supreme Court.*

4. On appeal, this court will only consider matters which are specified in or suggested by the statement of questions involved.

Argued May 11, 1920. Appeal, No. 185, Jan. T., 1920, by defendant, from judgment of C. P. Northumberland Co., Dec. T., 1917, No. 242, on verdict for plaintiff in case of Calvin N. Furman v. C. H. Broscious. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MOSER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,062.50: See 4 Northumberland Legal Journal 196. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v., quoting the record.

*C. E. Sprout,* with him *George B. Reimensnyder,* for appellant, cited: Muss v. Rafsnyder, 178 Pa. 397; Balweski v. Carnegie Steel Co., 243 Pa. 366; O'Dowd v. Burnham, 19 Pa. Superior Ct. 464.

*J. Fred Schaffer,* with him *J. A. Welsh,* for appellee, cited: Welch v. Carlucci Stone Co., 215 Pa. 34; Powell v. American Sheet & Tin Plate Co., 216 Pa. 618; Lillie v. American C. & F. Co., 209 Pa. 161; Feussner v. Ry., 258 Pa. 303; Campbell v. Wells Bros. Co., 256 Pa. 446.

OPINION BY MR. JUSTICE SIMPSON, June 26, 1920:

The statement of the questions involved (beyond which we do not go in considering an appeal: Duncan v. Duncan (No. 2), 265 Pa. 471), raises but three issues: (1) Whether the injury resulted "from an unforeseen cause, not discoverable in advance of the occurrence"? or (2) was "one of the ordinary risks of the employment which the employee took upon himself"? or (3) "whether plaintiff was guilty of contributory negligence?" These questions do not affect the evidence in the case; nor the charge to the jury, save in so far as the court below refused to give binding instructions in defendant's favor; and hence we are called upon to decide only whether or not he was entitled thereto on any one of these grounds.

Defendant, who is a carpenter and builder, sent a foreman and several other employees, including plaintiff, to tear the shingles off an old steep roof, and substitute therefor sheathing boards covered with tar paper. The shingles were safely removed; and the workmen proceeded, beginning at the eaves, to cover the rafters with sheathing and then fasten the tar paper on top of it. The work was done in sections, that is, sufficient sheathing would be nailed on to take one width of tar paper, which would then be fastened on it, then additional sheathing to take another width of the paper, and so on until the roof was completed. In the beginning the men could and did stand on the floor of the attic, but when this was no longer available for the purpose, they had to go on the roof itself in order to continue the work; and some device had to be used to enable them to safely retain their places while working thereon. Many kinds of appliances have been employed for this purpose; but in the present instance defendant's foreman selected what are known as jacks, consisting of pieces of board, across either end of which, but on opposite sides, was nailed a cleat. When in use the board was intended to lie flat against the roof, one cleat being hooked over the upper part of the sheathing as then laid, and the

lower one furnishing the support for the workman. The jacks, which were two feet long, were made by a laborer under the direction of the foreman, and one was given to plaintiff to use. The sheets of tar paper were thirty-two inches wide, and hence the jacks were too short to extend down to where the sheet then being laid overlapped the one immediately below, thereby rendering it necessary for plaintiff, in the performance of his work, to reach down in order to nail the former over the latter. Having a hammer in one hand and a nail in the other, he could neither hold on to the upper edge of the sheathing, nor keep the jack pressed against it; his leaning over and downwards would naturally result in the jack tilting and the upper cleat slipping away from its hold on the edge of the sheathing to which it hung; as plaintiff says he felt it do in the present instance, with the result that both slid down the steep roof and were precipitated to the ground, he receiving the injuries to recover for which the present suit was brought.

Plaintiff testified he had never before used jacks like these or seen them used, and did not know the danger involved therein; and there was evidence that, in order to be a reasonably safe appliance, they ought to have been made so much longer that the workmen did not need to lean over and downwards in order to fasten on the tar paper. One witness testified a jack two feet long was not fit to use on so steep a roof; others that it was not "in ordinary and customary and common use in putting on that kind of roof," but in order to be safe should be four feet long; and defendant himself, though disputing the first of these statements, admitted that "ordinarily and customarily" the jacks are made "between three and four feet long."

In Swartz v. Bergendahl-Knight Co., 259 Pa. 421, 427, we said: "An employee must know the circumstances and appreciate the risk before he will be held to assume it: Schall v. Cole, 107 Pa. 1. He is not equally bound with his employer to know whether appliances are rea-

sonably safe and in ordinary use, and he does not assume the risk upon the employer's failure to provide such as are proper: Bannon v. Lutz, 158 Pa. 166." We further held in Lillie v. American Car & Foundry Co., 209 Pa. 161; Reilly v. Reilly, 264 Pa. 103, and McGrath v. Atlantic Refining Co., 264 Pa. 341, 344, that the duty to furnish a reasonably safe place in which to work, and reasonably safe tools, machinery and appliances, are nondelegable duties of an employer. Under these authorities, which might be many times multiplied, defendant is liable for the failure of his foreman in these respects.

What has been said disposes of the claim that the court below should have decided, as a matter of law, that the injury arose from a risk which plaintiff assumed; and as to the other two questions said to be involved, we need only add that no evidence has been pointed out to us, and we have found none, from which the jury could properly have decided, much less that thereby it was conclusively determined, the injury resulted from an unforeseen cause not discoverable in advance of the occurrence, or that plaintiff was guilty of contributory negligence.

The judgment of the court below is affirmed.