## Singer, Appellant, *v.* Pilton.

*Contract—Set-off—Agreement not to interpose set-off.*

1. A party to an agreement will be held bound by his stipulation that he would not interpose a set-off as against a claim arising under the agreement.

*Appeals—Statement of question involved—Points not referred to.*

2. Upon appeal, no point need be considered which is not stated in or reasonably implied from the statement of the questions involved.

*Set-off—Former action—Adjudication — Question for court — Verdict—General verdict—Subsequent action — Evidence — Presumption—Different causes of action.*

3. A party is not barred from suing on a claim or demand because he pleaded it as set-off in a former action if it was not ad-

judicated or allowed in such action, in consequence of being excluded or rejected by the court. Whether or not it was actually adjudicated therein is a matter of law for the court.

4. While it may be presumed from a general verdict that all the matters at issue were considered, no such presumption can arise if the record shows they were not.

5. Where it appears that, in a prior proceeding, the court adjudicated only that the work in a few houses in a building operation had been well done, this does not determine that similar work was properly done in other houses in the same operation.

6. Where the record shows that the court, in a prior proceeding, had held a set-off was not allowable therein, the party there presenting it may reassert it in any later proceeding; under such circumstances the rule against splitting up of causes of action has no applicability.

7. Causes of action which are distinct and independent, although growing out of the same contract, transaction or state of facts, may be sued upon separately; even the recovery of judgment for one of such causes of action will not bar a subsequent action upon the others.

Argued December 5, 1924. Appeal, No. 186, Jan. T,. 1925, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1921, No. 3726, on verdict for defendant, in case of Abram Singer v. William Pilton. Before MOSCHZISKER, C. J., WALLING, KEPHART, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on building contract. Before SHOEMAKER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and ruling as to set-off, quoting record.

*Edward Hopkinson, Jr.,* for appellant.—A judgment settles everything involved in the right to recover, not only matters that were raised, but those which might

have been raised: Jenkins v. Scranton, 205 Pa. 598; Stearn's Co. v. Hewes, 256 Pa. 577.

Where a party has several demands or existing causes of action growing out of the same contract or resting in matter of account, which may be joined or sued for in the same action, they must be joined: Hill v. Joy, 149 Pa. 243; Simes v. Zane, 24 Pa. 242; Fields v. Transit Co., 273 Pa. 282.

*Robert Mair,* with him *Wayne P. Rambo* and *Ormond Rambo,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1925:

Plaintiff agreed in writing to plaster certain houses for the sum of $10,920, which amount was later paid in full. He also claimed $5,006.39 additional for alleged extra work; this was partially compromised by defendant consenting to pay $407.93 in settlement of items aggregating $1,208.31. The written agreement in regard to this adjustment, which was dictated in defendant's presence, specified that "The items not included in this settlement, and which are left open for future adjustment or litigation, without prejudice to the rights of either party with respect thereto, are" as detailed in the paper; they amounted to $3,798.08. Defendant left the conference before the agreement was written, but asked that it be sent to him for execution. Later he returned it unsigned, and refused to pay the $407.93; plaintiff then sued in the municipal court to recover this amount; defendant denied liability and set up a counterclaim for $408, because of alleged defective work in the same operation. The case was heard and decided without a jury; the court, in a written opinion, held that defendant had agreed as alleged, but did not consider the counterclaim at all, in effect determining, under the rule of Hennis v. Page, 3 Wharton 275, and Mutual Trust Co. v. Parrish, 276 Pa. 422, 425, that, by the agreement to pay the compromise sum for certain items,

and to leave "open for future adjustment or litigation" the others in dispute, defendant stipulated he would not interpose a set-off against payment of the amount specified in the settlement. Upon no other reasonable theory can we explain the trial judge's failure, in his written opinion, to refer to the counterclaim. Judgment was entered for plaintiff, for the full amount claimed in that suit, and it was paid by defendant.

Plaintiff then brought this present action to recover the $3,798.08 left open at the time of the partial settlement. Defendant denied liability for any part of it, and counterclaimed for $516.34 for defective work. The jury found a verdict for defendant, without awarding him any sum of money; judgment was entered thereon, and plaintiff appealed.

Appellant's statement of the question involved, (which limits the scope of the appeal: Furman v. Broscious, 268 Pa. 119; Hanlon v. Davis, Director General of Railroads, 276 Pa. 113), is as follows: "Where in an earlier proceeding between the same parties, defendant has used for set-off certain items growing out of plaintiff's alleged defective performance of a completed building contract, can defendant in this latter proceeding, between the same parties but on a different cause of action, use for set-off and counterclaim the same and additional items growing out of plaintiff's alleged defective performance of the same building contract?" The only assignment of error bearing on this question, avers that "the trial judge erred in refusing plaintiff's point for charge as follows: Under all the evidence the defendant cannot use in this proceeding the alleged defective condition of plaintiff's work, as a basis for set-off or counterclaim." Two reasons are stated: (1) the judgment in the municipal court adjudicated the fact that all of plaintiff's work was properly done, and (2) having in that suit counterclaimed because of certain alleged defective work in a part of the operation, defendant cannot thereafter claim to recover for any other

defective work in any other part of it, because a party will not be permitted to split up his cause of action, either for the purpose of suit or defense.

As to the first of these contentions, it is only necessary to say that "a party is not barred from suing on a claim or demand because he pleaded it as a set-off in a former action, if it was not adjudicated or allowed in such action in consequence of being excluded or rejected by the court" (23 Cyc. 1204; Thropp v. Susquehanna Mutual Fire Ins. Co., 125 Pa. 427, 441); whether or not it was adjudicated is a matter of law for the court: Goodhart v. Bishop, 142 Pa. 416. If in the municipal court there had been simply a general verdict for plaintiff, we might presume the counterclaim was considered and disallowed; but no such presumption can arise where the record shows it was not. Besides, were we to consider the matter as if the counterclaim had been adjudicated, it would not affect the issue here; the alleged defective work there pleaded was not the same as that included in the present suit, nor, indeed, in the same houses. Neither law nor logic compels us to say that an adjudication that the work in a few houses was well done, conclusively determines that it was properly performed in others also.

The rule as to the nonadjudication of the counterclaim pleaded in the municipal court, applies also to the alleged splitting up of the causes of action; that court having decided that no set-off was there allowable, the cause of action was not effectively split up, however much appellee attempted it. Moreover, as already stated, the defects here alleged were in other houses than those referred to in the pleadings in the municipal court; indeed most, if not all of these defects had not appeared when that case was tried; hence they could not have been part of a general claim which was attempted to be subdivided. "Causes of action which are distinct and independent, although growing out of the same contract, transaction, or state of facts, may be

sued upon separately, and [even] the recovery of judgment for one of such causes of action will not bar subsequent actions upon the others": 23 Cyc. 1189; Morrison v. Beckey, 6 Watts 349.

The judgment of the court below is affirmed.