# Southmont Borough, Appellant, *v.* Upper Yoder Township.

*Municipalities—Boroughs—Increase of debt — Computation of debt—Cash in treasury.*

1. Contracts of a municipality which, if enforceable, would increase its debt, but are invalid solely because made without the assent of the electors, will be held ratified by their subsequent assent.

2. Cash in the municipal treasury, set apart for the purpose of meeting a particular obligation, is a proper credit when computing the total amount of the debt, of which that obligation is a part.

*Municipalities—Increase of debt—Constitutional law — Act of April 20, 1874, P. L. 65, 68.*

3. The constitutionality of section 5 of the Act of April 20, 1874, P. L. 65, 68, cannot now be questioned.

4. The sum decreed to be paid by a county to a municipality within the county, for the purpose of aiding in making a municipal improvement, if final and conclusive, is a solvent debt, within the meaning of that term, as used in section 5 of the Act of April 20, 1874, P. L. 65, 68.

*Municipalities—Borough incorporated out of portion of township—Debt.*

5. A municipality, incorporated out of a portion of the territory of a township, must pay the relative proportion of the indebtedness of the township as it existed at the time of incorporation.

*Appeals—Statement of question involved—Consideration of questions not specified.*

6. Points which are not specified in or suggested by the statement of the questions involved, need not be considered on appeal,

and will not be, if answering them in the way appellant desires would not lead to a just determination of the ultimate matter in issue between the parties.

Argued October 6, 1925.  Appeal, No. 113, March T., 1925, by plaintiff, from decree of C. P. Cambria Co., Sept. T., 1920, No. 8, dismissing exceptions to report of referee, in case of Southmont Borough v. Upper Yoder Twp.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Bill in equity to adjust legal indebtedness between borough and township.  Before EVANS, P. J.

Exceptions to report of A. Lloyd Adams, Esq.

The opinion of the Supreme Court states the facts.

Exceptions dismissed, and decree entered directing the Borough of Southmont to pay to the Township of Upper Yoder the sum of $36,333.41.  Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting bill of exceptions.

*Harry Doerr,* for appellant.—The contract for the improvement of the Millcreek Road and the bond issue were illegal.

The bond issue or the contract should not be taken as a basis in computing the indebtedness in this case.

It has been held that the word "debt," as used in this constitutional provision, shall be taken in its ordinary sense (Keller v. Scranton, 200 Pa. 130), and that this refers to the outstanding debt and not to the net indebtedness: McGuire v. Phila., 245 Pa. 287; Brooke v. Phila., 162 Pa. 123.

*Frank P. Barnhart,* for appellee.—The adjustment was proper: Roye v. Boro., 192 Pa. 146; Rettinger v.

School Board, 266 Pa. 67; Schilling v. Twp., 260 Pa. 113; Potters Nat. Bank v. Twp., 260 Pa. 104.

OPINION BY MR. JUSTICE SIMPSON, November 23, 1925:

This is an appeal by the Borough of Southmont from a decree fixing the proportion of the indebtedness of the Township of Upper Yoder, existing at the time of the incorporation of the borough, which proportion the latter was required to pay by virtue of chapter IV, article I of the Act of May 14, 1915, P. L. 312, 329. The evidence took a wide range, and the argument was hardly less extended in scope, but substantially the only question which needs consideration is: Was any item of the existing indebtedness invalid, because in excess of the limit prescribed by article IX, section 8 of the State Constitution? Appellant says there was such an item, and for that reason denies liability for any part of it. Appellee says there was not. Since we agree with the latter conclusion, it is not necessary to consider whether the question thus raised is one which can properly be determined in this character of proceeding. Practically the entire controversy centers around the contracts and bond issues, made by the township when providing for the reconstruction of the Millcreek Road, and the facts in regard thereto may be briefly stated as follows:

In accordance with the Act of May 29, 1917, P. L. 318, the Court of Quarter Sessions of Cambria County, on June 10, 1918, decreed that the Millcreek Road then was in a dangerous condition and unfit for travel, directed its reconstruction and repair, and required the County of Cambria to pay part of the cost thereof. By section 5 of that statute, it is provided that the work "shall proceed at the instance of the township supervisors." On December 2, 1918, the board of supervisors of the township passed a resolution to create an indebtedness of $40,000 for the purpose of reconstructing the road; later, it issued bonds for that amount, and received the proceeds, which were still on hand when the borough

was incorporated. On March 26, 1919, the State High-way Department approved the form of specifications and contract for such reconstruction; on April 15, 1919, the supervisors received bids, aggregating $388,325, for the doing of the work; and April 24, 1919, they adopted a resolution to submit to a vote of the electors the question of increasing the debt of the township, in the sum of $175,000, the money to be used for the purpose stated; and, on April 26, 1919, they accepted the bids and awarded contracts for the work, expressly provid-ing, however, "that the said contracts shall not be bind-ing upon the township unless the electors approve the said bond issue in the sum of $175,000, at an election to be held at an early date......provided, however, that the said contractors shall be paid, at the price stipu-lated in the contracts, as far as the sum of $40,000 al-ready appropriated shall reach." This was at least an unbusinesslike way of proceeding, but it created no legal liability on the township, except to the extent of the $40,000, specifically mentioned in the resolution. On May 31, 1919, the electors gave their assent to the in-crease of indebtedness in said sum of $175,000, for the purpose stated. This would have operated as a ratifi-cation of the act of the supervisors, if it had been illegal because of a lack of electoral assent: Bell v. Waynes-boro Borough, 195 Pa. 299; Rettinger v. Pittsburgh School Board, 266 Pa. 67. After the election, by virtue of another resolution of the supervisors, new contracts were directed to be entered into for the purpose of mak-ing the conditional acceptance of the bids final and were duly executed, thereby creating, for the first time, a legal liability against the township for the entire cost of the work. The bonds aggregating $175,000 were not issued until after the creation of the borough, and hence were not a debt of the township at that time and are not considered in the hereinafter tabulated statement of its assets and liabilities; but the result

would have been the same if they had been issued and included, for in that event their proceeds would have been in the treasury, set apart for the purpose of meeting this particular obligation, and hence would have been a proper credit (Appeal of the City of Erie, 91 Pa. 398, 403; Wade v. Oakmont Borough, 165 Pa. 479), in which event these items of charge and discharge would then have balanced each other. In its brief, appellant says the proceeds were in fact used, at a later date, in the reconstruction of the road. As the $40,000 of bonds had been issued, and the money was in the treasury, this item appears on both sides of the account.

Appellant's counsel strenuously contends that the $40,000 on hand should not be considered in the accounting, although the loan was authorized for the express purpose of reconstructing the road, and the money was being held for that use. To sustain his position, he refers to what we said in McGuire v. Phila. (No. 1), 245 Pa. 287, 293, to the effect that, "by necessary implication," so much of section 5 of the Act of April 20, 1874, P. L. 65, 68, as provides that "all outstanding solvent debts," owing to a municipality, shall be deducted from the indebtedness due by it, in order to determine whether a proposed new loan could be made, was itself invalid because such a deduction "was forbidden" by article IX, section 8, of the Constitution. Had he read a few lines further, however, he would have learned that we expressly ruled, in that case, that it was then too late to challenge the constitutionality of that provision of the statute. It is no less too late after an additional eleven years have passed.

Pending the proceedings above detailed, the court of quarter sessions, in continuance of its duty as prescribed by the Act of May 29, 1917, P. L. 318, supra, entered a further decree fixing $194,162.50, as the county's share of the cost of reconstructing the road, and directed that this sum should be paid to the township, as the work progressed. No appeal has been taken from that decree

and it is too late now to take an appeal from it; hence, since the county is solvent, and can be compelled, if necessary, to levy a tax in order to enable it to collect and pay the sum decreed, the right to deduct this sum from the gross indebtedness of the township is settled, in principle, by Schuldice v. Pittsburgh, 251 Pa. 28, where we held that, under section 5 of the Act of April 20, 1874, supra, "undisputed liens actually filed against properties benefited, are outstanding solvent debts owing the city, and as such may be considered as an offset in computing the city's debt."

The status of the various items, which it is contended should or should not be included in the calculation, being settled by what is said above, and none of the amounts being disputed, there is no difficulty in approving the account as stated by the court below, as follows:

Indebtedness to Title, Trust and Guarantee
Co. ................................$ 14,000.00
Indebtedness to Pittsburgh Testing Laboratory ............................... 1,280.00
Indebtedness to bondholders ............. 40,000.00
Contract with Cyrus E. Brown, for supervising construction of road ............... 9,708.10
Contracts for reconstructing the road ..... 388,325.00
                                         _____
                                         $453,313.10
Moneys in treasury from bond
issue .....................$ 40,000.00
Amount to be paid by county for
reconstruction of the road ... 194,162.50   234,162.50
                              _____   _____
Net liability of the township .........$219,150.60

Admittedly the assessed value of the taxable property in the township was $3,169,710, at the time of the incorporation of the borough. Seven per cent of this sum, —being the constitutional limitation of indebtedness,

as fixed by article IX, section 8,—is $221,879.70, or $2,729.10 more than the above stated net liability of the township. The entire indebtedness set forth in the foregoing calculation, was, therefore, legally binding on the township, and the objection, based on appellant's contention to the contrary, necessarily fails.

Two other questions are suggested, which are really concluded by what has been said. (1) Should the actual outstanding indebtedness of the township, contracted in order to have the road built, or the bond issue to obtain funds to partly pay those contracts, be taken as a basis in computing that indebtedness? As the court below was seeking to ascertain and apportion the actual indebtedness of the township, of course it properly considered that indebtedness in its entirety. (2) Should the proceeds of the bond issue of $40,000, which were still in the township treasury, awaiting expenditure for the purpose of reconstructing the road,—for which purpose alone the indebtedness was created,—be deducted in ascertaining the net indebtedness of the township? Appellant may have a theory which satisfies it that money in hand is not a quick asset, but surely no one else can have any doubt on the subject.

What has been said disposes of all the points which are specified in or suggested by the statement of the questions involved; all others which were or might have been raised need not be considered (Furman v. Broscious, 268 Pa. 119; Singer v. Pilton, 282 Pa. 243), and will not be where, as here, the answering of them in the way appellant desires, would not lead to a just determination of the ultimate matter in issue between the parties, which, in the present instance, is: Should the borough be permitted to escape liability for a fair share of that part of the township indebtedness (from the incurring of which it unquestionably benefited), because, though the work, for the doing of which the liability arose, was contracted for before the separation (under the compulsion of a still earlier mandatory decree of

court), the actual performance did not take place until after that date? The only reasonable answer to this is adverse to appellant.

The decree of the court below is affirmed, and the appeal is dismissed at the cost of appellant.