# Slemba v. Hamilton & Sons (et al., Appellant).

*Appeals—Statement of question involved.*

1. On appeal, this court will consider only such points as are raised in or suggested by the statement of questions involved.

*Workmen's compensation—Death—Findings of fact—Evidence —Appeals.*

2. Whether or not there is competent evidence to sustain a finding of fact in a workmen's compensation case is a question of law, for the determination of which the Supreme Court will review the evidence, but if, in so doing, it finds there is such competent evidence, the court goes no further on the point, for those authorized by law to find the facts have done so, and, under such circumstances, the court is bound thereby.

3. Proper inferences of fact, drawn by the compensation authorities from the evidence produced, are as binding on the courts as are the other facts duly found.

4. Where an injury has resulted in death, the claimant in a workmen's compensation case need not show exactly how the accident happened; it suffices if the facts justify the conclusions that the injury was an accidental one, sustained in the course of decedent's employment.

Argued May 11, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 187, Jan. T., 1927, by insurance carrier, from judgment of C. P. No. 5, Phila. Co., March T., 1926, No. 1000, affirming decision of workmen's compensation board allowing claim, in case of Mary Slemba v. Wm. C. Hamilton & Sons and American Mut. Liability Ins. Co. Affirmed.

Appeal from decision of workmen's compensation board allowing claim. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Insurance carrier appealed.

*Error assigned,* inter alia, was judgment, quoting record,

*J. Webster Jones,* with him *Ralph N. Kellam,* for appellant, cited: Poluski v. Coal Co., 286 Pa. 473; Fink v. Sheldon, etc., Co., 270 Pa. 476.

*Todd Daniel,* with him *Henry Temin,* for appellee, cited: McHenry v. Coal Mining Co., 286 Pa. 177; Poluski v. Coal Co., 286 Pa. 473; Laraio v. R. R., 277 Pa. 382; Riley v. Steel Co., 276 Pa. 82; Dumbluskey v. C. & I. Co., 270 Pa. 22; Grobuskie v. Koal Co., 80 Pa. Superior Ct. 349; Vorbnoff v. Machine Co., 286 Pa. 199; Whittle v. Aniline & Chemical Co., 266 Pa. 356; Mc-Minis v. Transit Co., 288 Pa. 377; Miller v. Director General, 270 Pa. 330; Dialesantro v. Phila. Co., 47 Pa. Superior Ct. 339.

OPINION BY MR. JUSTICE SIMPSON, June 25, 1927:

Defendant's insurance carrier appeals from a judgment of the court below, affirming a decision of the referee and workmen's compensation board, holding defendant responsible, under the Workmen's Compensation Acts, for the death of plaintiff's husband, following an injury received by him in the course of his employment.

The statement of the questions involved raises but two points: "1. Is there sufficient competent evidence to support the award of the referee? 2. Are not the referee's findings of fact so contradictory as to make an award of compensation, based thereon, void as a matter of law?" It will be observed that both of these questions relate to the findings of fact; hence, if the findings are sustainable by the evidence, we need go no further in deciding the appeal: Furman v. Broscious, 268 Pa. 119; Southmont Boro. v. Upper Yoder Twp., 284 Pa. 287.

It must be remembered that, in reviewing such findings, we do not analyze the evidence, for the purpose of determining on which side the weight thereof lies. That is the duty of the compensation authorities. So far as

we are concerned, if there is competent evidence to sustain the findings, we accept them as true: Rodman v. Smedley, 276 Pa. 296; Vorbnoff v. Mesta Machine Co., 286 Pa. 199. Whether or not there is such competent evidence, is a question of law, and, to determine this, we review the evidence; but if, in so doing, we find that there is, we go no further on the point, for those authorized by law to find the facts have done so, and, under such circumstances, we are bound thereby: Stahl v. Watson Coal Co., 268 Pa. 452; Thomas v. State Workmen's Ins. Fund, 280 Pa. 331. So, too, where the injury has resulted in death, and, by reason of that fact, the claimant is deprived of the testimony of the one who could have shown exactly how the accident happened, the inability to do so is not a fatal defect. It suffices if the facts justify the conclusion that the injury was an accidental one, sustained in the course of decedent's employment: Zelazny v. Seneca Coal Mining Co., 275 Pa. 397; Laraio v. Penna. R. R. Co., 277 Pa. 382. It ought not to be necessary to repeat these propositions so constantly, but it seems to be required where insurance carriers are concerned.

Applying the principles stated, the facts of the present case are found to be as follows: In September, 1924, while in the course of his employment with defendant, decedent was injured in his right knee. No one saw the accident, but within five minutes of its happening, another employee noticed decedent holding his leg, and was told he had been hit on the knee by a barrel he was unloading. This employee knew decedent had been engaged in that kind of work, saw the barrel after the accident, noticed it was empty and that its contents were strewn over the floor. When decedent returned home that night, he told his wife about the accident and she saw the injured knee, and the way it was swollen. Shortly afterwards he was taken to a hospital, and his trouble was diagnosed as sarcoma of the knee and metastasis of the lungs. While there he was operated on,

and a growth, the size of an orange, was removed from the place of injury. For a while he seemed to improve, but later became worse, and the doctors advised an amputation of the leg. Decedent would not consent to this and left the hospital, but shortly thereafter was taken to another and died there. Even were we to disregard such of the above evidential facts as might perhaps be claimed as hearsay, yet enough would remain to sustain the finding that decedent suffered the injury complained of in the course of his employment.

The doctors, who saw decedent during his illness, all testified positively that, in their judgment, the sarcoma was caused by the injury to the knee. An expert called by defendant stated that he did not believe sarcoma could be caused by a single injury. All of them agreed, however, that an existing sarcoma, followed by a single blow, "would be a causative factor in producing the condition he had, and light it up." The quotation just given is taken from the testimony of defendant's expert.

After setting forth the foregoing facts regarding the cause of the accident and nature of the injury, the referee found that "decedent died as a result of a sarcoma; (that the medical testimony shows that such an injury as the decedent suffered would not cause a sarcoma, but such an injury could aggravate a preëxisting condition of sarcoma and cause its rapid development); that, taking into consideration the nature of the injury, the soreness and tenderness that evidenced themselves at the site of injury, all of which transpired within five months, the presumption is, and this is substantiated by medical testimony, that there was a direct connection between the accident and his death." The referee, therefore, decided: "2. The decedent having met with an accidental injury . . . . . . while in the course of his employment with the defendant, and as his death resulted from a sarcoma which was brought about by the injury, his dependents are entitled to compensation." These findings were approved by the workmen's compensation board, and the

court below, and, as there was evidence to support the findings, they must be accepted as true.

The supposed contradiction referred to in the statement of the questions involved, is alleged to appear in the two findings of the referee (1) "that such an injury as the decedent suffered would not cause a sarcoma," and (2) that "death resulted from a sarcoma which was brought about by the injury." What the referee meant by this latter statement, as clearly shown by his report, is that the injury caused the sarcoma to develop, thus making a "direct connection between the accident and his death." Of this also appellant complains, because there was no direct proof that the sarcoma existed before the accident. Its existence before, if it was not caused by the accident, was, however, an inference from the basic facts, and there was ample evidence to support it, and hence the conclusion is binding on us, in the same way as are all other properly found facts: Gailey v. State Workmen's Insurance Fund, 286 Pa. 311.

The judgment of the court below is affirmed.