DiPrinzio, Appellant, v. Am. P. & Const. Co.

Argued September 29, 1931.

Before TREXLER, P. J., KELLER, LINN, GAW-
THROP, CUNNINGHAM and BALDRIGE, JJ.

*C. James Todaro,* for appellant.

*Frederick H. Spotts,* and with him *Pepper, Bodine,
Stokes and Schock,* for appellee.

OPINION BY LINN, J., November 20, 1931:

Claimant's husband died December 30, 1929. She
claimed workmen's compensation for injury alleged
to have been sustained November 23, 1929. Her peti-
tion was dismissed. In refusing compensation, the

referee made the following finding: "After considering all the testimony in the case, the referee finds that the claimant has failed to meet the burden of proof to establish the fact that the decedent sustained an accident. The referee further finds that the decedent's death was due solely to the heart condition and was in no way caused nor aggravated by any accident that the decedent sustained in the course of his employment."

The compensation board sustained the referee, and the common pleas dismissed the appeal to that court; this appeal was then taken.

Claimant's husband had been employed in a stone quarry, operating a jack-hammer, described in the evidence as "one that you drill with." A fellow workman,—who had been employed about three yards away,—testified that claimant's husband told him that the hammer had "kicked" and "hit" him in the region of the stomach. He was taken to his home and on the same day, "around six o'clock," was examined by his physician, who testified that he found him suffering with a heart condition "showing a complete collapse of the circulation;" he also testified that, if there was an accident, he did not hear of it "until about ten days" later. He stated that "the pain cleared up in six days," and, after seeing the patient at his office several times, he "discharged him." He said that in December his patient had another "acute failure," and that he died from a heart attack on December 30th. He testified that he found no superficial evidence "of any injury" and states the results of his first examination as follows: "...... and in my physical examination I found he had an aortic insufficiency and stenosis and an enlargement of the heart, very marked, with a systolic and diastolic murmur of the apex. I found he had a blood pressure of 90 over zero, showing a complete collapse of the circulation. (By the Referee) Q. What did he die from? A. Heart failure."

Appellant contends that she should recover because the doctor stated that if the workman had sustained injury, such as was described in the hearsay of the fellow workman, "the pain produced by the contusion over-worked the heart" and "brought it (death) about faster." It is settled that the courts may not substitute findings of fact for those made by the compensation authorities, and that whether or not the accident happened, is held to be matter of fact: Vorbnoff v. Mesta Machine Company, 286 Pa. 199, 207. The referee says that claimant has not proved that there was an accident, (defendant offered no evidence), and adds that death resulted from a heart condition neither "caused nor aggravated by any accident......" He finds that no accident occurred. Our question of law, then, is whether there is evidence to support that finding. Appellant contends that though no one saw any injury inflicted, nevertheless, since a witness testified that her husband told a fellow workman that he had been "kicked" by the hammer, that a doctor was called in, and that her husband suffered pain and died five weeks later, the referee should have found from that evidence that there was an accident. Against that argument, the contention is that if the accident had occurred the workman would have informed the doctor of it at once, but that he did not; or, that the doctor would have found some physical indication or marks of its effect, whereas none was found; that the chronic condition of the heart found by the doctor, and his treatment of it, satisfactorily accounted for the patient's condition without the alleged accident as a contributing cause.

The statute requires the court, in such circumstances, to accept the findings of the compensation authorities. Even though we should differ from the referee in making inferences of fact from the evidence, they could not be given effect, because the statute puts the responsibility of finding facts on the referee and

on the board; "whether, on weighing it [the evidence] a fact should be found therefrom is a question of fact, not of law": Vorbnoff v. Mesta Machine Company, supra; see also Hunter v. American Steel & Wire Company, 293 Pa. 103; Slemba v. Hamilton, 290 Pa. 267.

We must affirm the judgment.