# F. A. RODRIGUES *v.* HAWAIIAN CONTRACTING COMPANY, LIMITED.

## No. 2339.

Argued September 12, 1938.            Decided December 17, 1938.

PETERS AND KEMP, JJ., AND CIRCUIT JUDGE STAFFORD
IN PLACE OF COKE, C. J., ABSENT.

OPINION OF THE COURT BY PETERS, J.

This case has its origin in a claim for compensation under the Workmen's Compensation Law. (R. L. 1935, ch. 245.) The injuries for which compensation was claimed were the loss of the middle finger of the left hand and permanent partial disability of the left arm.

It was undisputed that the middle finger of the left

hand of the workman, on November 5, 1935, was pierced by a kiawe thorn while he was engaged in his employment as a woodchopper and that some three days later, while he was engaged in the same work, the wound made by the kiawe thorn was abraded by impact with the bough of a kiawe tree. It is to these two accidents that the workman attributed his condition. It is also undisputed that when the workman sought medical attention for the first time, which was from five to ten days after the original accident, it was discovered that the injured finger was infected with cancer of the type known as squamous cell carcinoma. Preventive medical measures required the amputation of the finger and the resection of the axillary glands of the left arm. The scar left by the glandular operation under the left armpit restricts the use of the left arm.

The industrial accident board granted compensation for total disability and medical services but later terminated compensation. From the supplemental order terminating compensation, the workman appealed to the circuit court. In the meantime the employer had paid both the compensation awarded and all bills for medical, surgical and hospital services and supplies furnished the workman. Trial was had in the circuit court, jury waived, and due to the state of the case the court confined itself to the consideration of the single issue whether there was any causal relation between the condition of the workman and the accidents of November 5 and November 8, 1935, holding that the accidents did not cause the cancer, nor if the disease preceded the accidents did they aggravate or accelerate the disease so it might be said that the accidents were the direct and proximate cause of the injuries for which compensation was claimed. The exceptions of appellant challenge the correctness of these findings.

Consistent with the limitations placed by law upon the scope of review by this court, the only question that we may

review upon the exceptions urged by appellant is whether there was sufficient substantial evidence, more than a mere scintilla, to support the findings of fact of the circuit judge. Where there is sufficient substantial evidence, more than a mere scintilla, to support such findings the same must be accepted by this court as true. This rule is not a novel one nor is it confined to this jurisdiction. It applies generally to courts· such as this where the jurisdiction exercised is purely appellate in its nature and affects all appeals alike, including appeals from the allowance or denial of compensation under Workmen's Compensation Acts where jurisdiction to determine the facts is committed by statute to inferior courts or tribunals. The language of the court in the case of *Slemba* v. *William C. Hamilton & Sons,* 290 Pa. 267, 138 Atl. 841, is a fair statement of the rule generally obtaining in compensation cases: "It must be remembered that, in reviewing such findings, we do not analyze the evidence for the purpose of determining on which side the weight thereof lies. That is the duty of the compensation authorities. So far as we are concerned, if there is competent evidence to sustain the findings, we accept them as true. * * * Whether or not there is such competent evidence is a question of law and, to determine this, we review the evidence; but if, in so doing, we find that there is, we go no further on the point, for those authorized by law to find the facts have done so, and, under such circumstances, we are bound thereby."

It would serve no useful purpose to analyze the evidence to justify the findings of the circuit judge. It was admitted that trauma might cause cancer and that cancer in an incipient or dormant stage might be accelerated or aggravated by trauma. If the trauma upon the occasions of the accidents caused the cancer with which the workman was found to be afflicted or if the workman was suffering from cancer in an incipient stage and the trauma hastened

its development, so that in either event it might be said that the accidents were the direct and proximate cause of the loss of his finger and the restricted use of his left arm, the workman was entitled to compensation for the loss and disability so suffered by him. On the other hand, however, if, as found by the trial judge, there was no causal relation between the condition of the workman and the trauma involved in the accidents, then the workman was not entitled to compensation for such loss or disability. We deem it unnecessary to decide to what compensation, if any, the workman would be entitled in the latter alternative, all compensation awarded up to the date of its termination by the industrial accident board and the cost of all medical, surgical and hospital services and supplies furnished the workman having been paid by the employer.

Four physicians of admittedly long experience and high professional standing gave it as their opinion that cancer ordinarily did not manifest itself in so short a period as from five to ten days and from this circumstance they concluded that the cancer from which the workman was suffering existed prior to the accidents and was neither caused nor its development accelerated by the trauma involved in the accidents. One of these physicians was the one whose professional assistance the workman sought in the first instance and who performed the operations on the workman's hand and arm; another assisted in the operations and the remaining two based their opinions upon the history of the case and personal examination of the workman in the spring or summer of 1936. All agreed that the accidents were not the cause of the cancer but that the disease preceded the accidents. They also negatived the existence of cancer in an incipient stage and its acceleration or aggravation by the accidents. On the other hand a physician with a background of fourteen years' specialization as a student of and an instructor in pathology was of

the opinion that the cancerous condition of the workman may have been caused by the accidents; that if the disease preceded the accidents the trauma experienced might have accelerated and aggravated the disease and hastened its earlier development and that while he did not see the workman until some time following the accidents he believed the condition of the workman to have been the direct and proximate result of the accidents.

It is apparent from the foregoing brief excerpts from the evidence, the accidents involved, preventive measures taken and the opinions of the expert witnesses that there was ample evidence to sustain either the affirmative or negative of the issue presented. The findings of the trial judge, however, are not alone sustained by substantial evidence amounting to more than a mere scintilla but have for their support a clear preponderance of the evidence and while the rule as stated is the only test with which this court is concerned, the observation upon the weight of the evidence seems appropriate where, as in a case of this kind, were the evidence pro and con evenly balanced, the conclusion might appear harsh and unnatural.

The rule limiting the scope of review of this court upon exceptions to findings of fact of circuit judges sitting, jury waived, is too well-known and understood to require further enlargement or the citation of authorities. The rule herein enunciated is but the repetition of former opinions of this court in which the scope of review under similar circumstances has been the subject of comment.

The exceptions are accordingly overruled.

*W. Y. Char* (S. C. Doo with him on the briefs) for appellant.

*J. P. Russell* (F. E. Thompson on the brief) for appellee.